**Ivan MOTHERSELL, Plaintiff,**

v.

**CITY OF SYRACUSE, Edgar Prue, and John Burke, III, Defendants.**

**No. 95–CV–1452 (FJS) (GJD).**

United States District Court,
N.D. New York.

Jan. 22, 1997.

Rosenthal & Drimer, Syracuse, NY (Andrew S. Greenberg, of counsel), for Plaintiff.

City of Syracuse Corporation Counsel, Syracuse, NY (Joseph E. Lamendola, of counsel), for Defendants City of Syracuse and John Burke, III.

Deperno, Khanzadian, McGrath & Lalonde,[1] Barneveld, NY (Rocco Deperno, of counsel).

## MEMORANDUM DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Presently before the Court is Defendant Edgar Prue's ("Appellant's") appeal of Magistrate Judge Gustave J. DiBianco's September 13, 1996 Order. The underlying action concerns a civil rights action brought pursuant to 42 U.S.C. § 1983 by the Plaintiff, Ivan Mothersell, based on the alleged use of unlawful force by the Defendants, Burke and Prue, formerly Syracuse City Police Officers. The present matter concerns a dispute between Defendants Prue and the City of Syracuse ("City") over the City's duty to reimburse the Appellant for attorney's fees in connection with the underlying action. In his September 13 Order, Judge DiBianco found that the Appellant was entitled to reimbursement for his legal expenses by the City of Syracuse, as long as Appellant selected one of the attorneys on the City's approved list.

1. Letters have been submitted on two different letterheads, one of which indicated that the firm was Deperno, Khanzadian & McGrath.

## Background

The complaint alleges that on July 16, 1994, the Defendants Prue and Burke arrested the Plaintiff outside of Plaintiff's home in Syracuse, New York. The Plaintiff further alleges that the Defendants, while driving the Plaintiff to jail, stopped in a parking lot and beat the Plaintiff with a nightstick while the Plaintiff's hands were handcuffed.[2] The Plaintiff's § 1983 claims against the individual Defendants are premised on these allegations. In addition, Plaintiff brings a *Monell* claim against the City for failing to properly train and supervise Defendant Prue.

The City initially undertook the individual defense of both Defendants Burke and the Appellant. Upon the City's determination that there was a potential conflict of interest between the City and the Appellant, however, the City advised the Appellant that he had to be represented by separate counsel. The City agreed to reimburse the Appellant for his reasonable attorney's fees provided he chose one of three attorneys from a list provided to him by the City. Prue rejected the attorneys on the list, and retained the firm of DePerno, Khanzadian, McGrath & Lalonde ("DePerno law firm"). The DePerno law firm notified the City that it had been retained by the Appellant and that it was Appellant's position that he had an absolute right to choose *any* attorney at the City's expense. In a pretrial conference with Magistrate Judge DiBianco, counsel for the appellant raised this disputed issue of who would bear the expense of the Appellant's representation. Judge DiBianco requested briefing on the matter from the parties.

The City made two arguments in its brief. First the City argues that it was not required to pay the Appellant's legal fees if Appellant refused to select one of the attorneys from the list provided by the City. Second, the City argued that the DePerno firm should be further barred from representing the Appellant because of a conflict of interest created by its involvement in other litigation with the City. In response, the Appellant argued that he is entitled to the attorney of his choice, and that the City is legally required to reimburse him for his attorney's fees.

In an Order dated September 19, 1996, Judge DiBianco found that the Appellant is entitled to the attorney of his choice, however, the City is entitled to limit the choice of attorneys for which they will reimburse the Appellant. Judge DiBianco further found that there was no ethical conflict of interest apparent in the representation of the Appellant by the DePerno law firm. Judge DiBianco ordered that within thirty days the Appellant must complete one of the following three options: (1) have the DePerno law firm file a notice of appearance on the Appellant's behalf, and pay his own attorney's fees, (2) select one of the attorneys from the list provided by the City, and have the City pay his legal expenses, or (3) file a notice of appearance declaring that he will proceed pro se.

Appellant appeals this Order, arguing that Judge DiBianco's findings were clearly erroneous in that the City is required by state law to reimburse the Appellant for representation by the attorney of his choosing.

## Discussion

Appellant argues that the City has adopted New York Public Officers Law § 18, and that § 18 requires the City to reimburse the Appellant for counsel of his choosing in the present action. Appellant further argues that even though the City's reimbursement law, Local Law No. 11, authorizes the City to limit the attorney choices of a public officer in the Appellant's position, the City was not authorized to amend Public Law § 18 in this manner. The Appellant also argues that Judge DiBianco erred in interpreting General Municipal Law § 50-j to authorize the City's actions in limiting Appellant's choice of counsel. Finally, the Appellant argues that the act of limiting his choices of outside representation by the City in and of itself creates an ethical conflict of interest. Appellant's arguments essentially restate his original arguments before the Magistrate. Pursuant to Fed.R.Civ.P. 72(a), the Court will set aside Judge DiBianco's Order only upon a finding that it is "clearly erroneous or contrary to law."

---

**2.** Plaintiff alleges that Prue did the beating while Burke watched but did not intervene.

## 1. Public Officers Law § 18

■ Public Officers Law § 18(3) provides that a "public entity shall provide for the defense of an employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred ... while the employee was acting within the scope of his public employment or duties." N.Y.Pub.Off. Law § 18(3)(c) (McKinney 1988). It further provides that "the employee shall be entitled to be represented by private counsel of his choice in any civil action or proceeding whenever the chief legal officer ... determines that a conflict of interest exists...." § 18(3)(b). Section 18 by its express terms, however, only applies to those municipalities "whose governing body has agreed by the adoption of local law, by-law, resolution, rule or regulation (i) to confer the benefits of this section upon its employees, and (ii) to be held liable for the costs incurred under these provisions. § 18(2)(a).

Appellant argues that the City adopted § 18 of the Public Officers Law when it enacted Local Law No. 11 of 1982, because it utilizes similar language to that of § 18. Additionally, the Appellant argues that the City's Corporation Counsel references § 18 in its various letters to the Appellant. Judge DiBianco found that, although Local Law 11 was similar to § 18 in many ways, it left out the provision in § 18(3)(b) that provides a municipal officer his choice of counsel. Rather, Local Law 11, in relevant part, provides that "the employee shall be entitled to be represented by private counsel selected by the board of estimate of the city [sic] of Syracuse." Syracuse, N.Y., Local Law § 12–162. This Court finds, as did Judge DiBianco, that the City did not adopt § 18 of the Public Officers Law because the City Common Council did not expressly adopt it by local law, as required by § 18(2)(b). Thus § 18 does not create any rights in favor of the Appellant. Instead, the City's reimbursement responsibilities for its municipal employees spring from Local Law 11, which was duly passed by the City's legislative body. Thus, all of Appellant's arguments

**3.** Appellant's attempt to distinguish *Suffolk* is unpersuasive. Appellant attempts to contrast the degree of conflict of interest between the County of Suffolk and its police officers, and the present

premised upon the authority of § 18 lack merit.

## 2. General Municipal Law 50–j

New York General Municipal Law § 50–j governs the liability of municipal police officers for negligence in the performance of duty. In relevant part, it provides:

every city, county, town, village, authority or agency shall be liable for, and shall assume the liability to the extent that it shall save harmless, any duly appointed police officer ... for any negligent act or tort, provided such police officer ... was acting in the performance of his duties and within the scope of his employment.

N.Y.Gen.Mun.Law. § 50–j(1) (McKinney 1986). Section 50–j further provides: "upon discretionary adoption of a local law, ordinance, resolution, rule or regulation, any city, county, town, village, authority, or agency shall provide for the defense of any civil action or proceeding brought against a duly appointed police officer...." § 50–j(6)(a) (McKinney Supp.1997).

■ Appellant argues that Judge DiBianco erred in concluding that General Municipal Law § 50–j does not require a municipality to allow a municipal police officer to select the counsel of his choosing when a conflict of interest is present. It is true that § 50–j generally requires a municipality to indemnify its police officers for attorney's fees incurred in defending negligence and tort actions which arise out of their official acts. *See* N.Y.Att.Gen.Op. 94–23. Section 50–j cannot be read, however, to require a municipality to allow the defendant police officer to select the counsel of his choosing, even if there is a potential conflict of interest. *Suffolk County Patrolmen's Benevolent Ass'n, Inc. v. Suffolk County*, 595 F.Supp. 1471, 1479–81 (E.D.N.Y.), aff'd, 751 F.2d 550 (2d Cir.1984) (where conflict of interest arose in the defense of a county police officer, the court found that neither General Municipal Law 50–j, nor New York common law required the county to allow defendant police officers to select their own counsel).[3] Judge

potential conflict of interest. The Court finds that this distinction is irrelevant to the dispositive

DiBianco's finding that the Appellant was not entitled to complete discretion as to choosing his counsel is, therefore, amply supported by state law and relevant case law.

### 3. Conflict of Interest

■ As a final matter, Appellant argues that the Corporation Counsel's act of limiting the Appellant to three choices for separate counsel creates an ethical conflict of interest in and of itself. The Appellant implies that the act by the City of selecting the list of three attorneys creates the "appearance" that some quid pro quo exists between the attorneys selected and the City. The Court finds that this argument lacks merit. *See N.Y.S. Urban Development Corp. v. VSL Corp.*, 738 F.2d 61, 66 (2d Cir.1984) ("The participation of an insurer in the selection process does not automatically taint the independence of chosen counsel." *Id.*) Further, Judge DiBianco's Order mitigated any possibility of a conflict of interest by allowing the Appellant to make specific objections to any of the firms on the City's list.

### Conclusion

After reviewing the parties' submissions, Magistrate Judge DiBianco's Order, the applicable law, and the entire record, the Court finds that Judge DiBianco's September 13, 1996 Order is neither clearly erroneous, nor contrary to law. As such, it is hereby

ORDERED that Magistrate Judge DiBianco's September 13, 1996 Order is AFFIRMED, and this Appeal is DISMISSED.

**IT IS SO ORDERED.**

## MEMORANDUM DECISION and ORDER

DiBIANCO, United States Magistrate Judge.

Presently before the court is a dispute involving defendant Edgar Prue's choice of private counsel to represent him in this Section 1983 action, and whether the City of

issue of whether § 50–j requires a municipality to allow a police officer to select the attorney of his choice in cases where there is a conflict of interest between the municipality and its police officer. The Court finds that *Suffolk* is instructive on this issue.

Syracuse is obligated to pay for the cost of an attorney selected by defendant Prue. On June 24, 1996, oral argument was heard on these issues. Letter briefs were subsequently submitted by the City and by Deperno, Khanzadian, McGrath & Lalonde ("the Deperno firm"), the firm chosen by defendant Prue to represent him. Pursuant to the court's order of August 21, 1996, the Deperno firm submitted a reply brief.

### BACKGROUND

The complaint alleges that on July 16, 1994, defendants Prue and Burke, then Syracuse Police Officers, arrested plaintiff outside of plaintiff's home in Syracuse, New York. Plaintiff claims that, while driving him to the jail, the defendants stopped in a "dimly lit parking lot," where defendant Prue struck plaintiff with a "nightstick" about the legs, face and mouth. Plaintiff claims that his hands were handcuffed behind his back during the incident, and that defendant Burke did not intervene. Plaintiff further alleges that the City of Syracuse, knowing of defendant Prue's history of misconduct, failed to properly train or supervise defendant Prue.

This action was commenced, pursuant to 42 U.S.C. § 1983, on October 11, 1995. The City initially undertook the defense of defendants Prue and Burke, but subsequently advised defendant Prue that, because of a potential conflict of interest between Prue and the City, Prue should be represented by private counsel. The City provided Prue with a list of three attorneys from which Prue could choose to represent him, "and whom the City of Syracuse will reimburse for reasonable legal fees incurred in representing you in this action." Prue apparently rejected the attorneys on the list, and instead "retained" the firm of Deperno, Khanzadian, McGrath & Lalonde.[1]

The City argues that a conflict of interest will arise if defendant Prue is represented by the Deperno law firm. According to the

1. A notice of appearance has not been filed by the Deperno firm.

City, the Deperno firm "frequently represents the Syracuse Police Benevolent Association as well as individual police officers in actions and proceedings against the City," and presently represents defendant Prue in arbitration proceedings regarding Prue's January 1996 termination from the Syracuse Police force. The City seeks to have the Deperno firm disqualified from representing defendant Prue, and claims it may limit Prue's choice of private counsel. Prue argues that he is entitled to an attorney of his choice, and that the City is required to reimburse him for attorneys' fees.

## DISCUSSION

### 1. Choice of Counsel and Reimbursement:

The City claims that it may limit Prue's choice of private counsel to those on the three-attorney list provided by the City. Prue argues that he is entitled to choose his own private counsel and still have the city reimburse him for attorneys fees.

As Prue states, section 18 of New York's Public Officers Law explicitly states that an employee "shall be entitled to be represented by private counsel *of his choice* in any civil action or proceeding whenever the chief legal officer of the public entity ... determines that a conflict of interest exists." N.Y.Pub. Off.Law § 18(3)(b) (emphasis added). The provisions of section 18, however, apply only to public entities whose governing bodies have "agreed by the adoption of local law ... (i) to confer the benefits of this section upon its employees, and (ii) to be held liable for the costs incurred under these provisions." N.Y.Pub.Off.Law § 18(2)(a). The City of Syracuse has enacted a local law which is similar to Section 18 in many ways, but does not give an employee his choice of private counsel. Rather, the local law provides that "the employee shall be entitled to be represented by private counsel selected by the board of estimate of the city of Syracuse." [2] Syracuse, N.Y., Local Law § 12–162 (emphasis added) (City's Brief, Ex. D).

Prue argues in his reply brief that the City's local law is invalid because, by enacting Public Officers Law § 18, the state preempted municipalities from enacting legislation relating to the defense and indemnification of claims against its employees. Prue primarily relies on subsection 12 of Public Officers Law § 18 as evidence of the state's intention to preempt local legislation. Subsection 12 provides:

> Except as otherwise provided in this section, benefits accorded to employees under this section shall be in lieu of and take the place of defense or indemnification protections accorded the same employees by another enactment; unless the governing body of the public entity shall have provided that these benefits shall supplement, and be available in addition to, defense or indemnification protection conferred by another enactment.

N.Y.Pub.Off.Law § 18(12). However, it is clear from subsection 2 that the state did **not** intend to preempt local legislation in this area. Subsection 2 limits the **applicability** of Public Officers Law § 18 to public entities that agree, **by local legislation,** to confer the section's benefits on their employees and to be liable for the costs incurred thereunder.

Prue further argues that section 18 of the Public Officers Law and section 50–j of the General Municipal Law require the City to reimburse Prue for attorney fees incurred in connection with his defense. Having found that the City's local law is **not** preempted by section 18 of the Public Officers Law, the court looks to the relevant provision of the local law, which provides that, "[u]pon compliance with section 4 [section 12–164] herein the city shall provide for the defense of the employee in any civil action," which includes payment of "[r]easonable attorneys' fees and litigation expenses." Syracuse, N.Y., Local Law § 12–162(a), (b). Section 12–164 requires that (a) the employee deliver to corporate counsel originals of the summons, com-

---

**2.** The City states that "[t]he Board of Estimate was dissolved effective January 1, 1990, at which time the Mayor assumed all of its responsibilities." (City's Brief at 5 n. 3). Prue argues that "no evidence has been submitted to show that

the powers given [to the Board of Estimate] were transferred to any other body or officer, or that such body or officer acted thereon." (Prue's Reply Brief at 4).

plaint, and other documents with a written request for the city to provide a defense, and (b) the employee fully cooperate in the defense of the action. If the employee "fails to or refuses to cooperate in the formation or presentation of his defense, the city may withdraw its representation upon ten (10) days' written notice to the employee." Syracuse, N.Y., Local Law § 12–164.[3] Section 50–j of the General Municipal Law provides only that, **"upon discretionary adoption of a local law,"** the city shall provide for the defense of any civil action brought against a police officer. N.Y.Gen.Mun.Law § 50–j(6)(a) (emphasis added).

Prue does not directly attack the constitutionality of the City's local law. Nonetheless, the City argues that the law is constitutional, and relies upon *Suffolk County Patrolmen's Benevolent Association v. County of Suffolk*, 751 F.2d 550 (2d Cir.1985). Prue claims that *Suffolk* does not apply to this case, because it "was decided pursuant to section 50–m of the General Municipal Law," a section which only pertains to Suffolk County. (Prue's Brief at 3–4). However, section 50–m is not mentioned anywhere in the Second Circuit's decision, and the district court opinion which *Suffolk* affirms explicitly addressed section 50–j. *Suffolk County Patrolmen's Benevolent Association v. Suffolk County*, 595 F.Supp. 1471 (1984), *aff'd per curiam*, 751 F.2d 550 (2d Cir.1985).

Similar to defendant Prue's argument in this case, the plaintiffs in *Suffolk* (police officers who were defendants in § 1983 actions) claimed that they had an "unfettered right to counsel of their choice ... with the cost of such representation to be borne entirely by the ... County." 595 F.Supp. at 1473. Suffolk County, on the other hand, had enacted a local law which required the County Attorney to present the employee with the names of three attorneys from whom the employee could choose one for representation. The plaintiffs argued that the local law restricted their right to select **any** counsel at County expense, a right allegedly mandated by state law. 595 F.Supp. at 1476. The court found, however, that the police officer plaintiffs had no property interest in "reimbursed representation of their choice" in a § 1983 action. 595 F.Supp. at 1477. The court noted that, although section 50–j of the General Municipal Law has been "deemed to **permit** reimbursement of counsel fees for an officer who has acted within the scope of his official duties," it "has not been interpreted ... to permit officers counsel of their choice." 595 F.Supp. at 1479 (emphasis added). The court finally concluded that plaintiffs were "not entitled to select counsel of their choice **at County expense** as a matter of New York common law." 595 F.Supp. at 1480 (emphasis added).

Although the above statutes and case law do not provide authority for **forcing** defendant Prue to choose as his representative one of the three attorneys named in the City's list, they do suggest that, if Prue insists upon being represented by an attorney **other** than one of those approved by the City, the City will **not** be required to reimburse plaintiff for attorneys fees and legal expenses.[4]

### 2. Disqualification:

The City argues that the Deperno firm should be disqualified from representing defendant Prue to avoid the appearance of impropriety as well as a potential conflict of

---

3. Section 18 of the Public Officers Law provides that "[u]pon compliance by the employee with the provisions of subdivision five of this section, the public entity shall provide for the defense of the employee in any civil action," which includes payment of "[r]easonable attorneys' fees and litigation expenses." N.Y.Pub.Off.Law § 18(3)(a), (b). Subdivision five provides that the duty to defend is conditioned upon (i) the employee delivering originals or copies of the summons, complaint, and other documents to the public entity's chief legal officer, and (ii) "the full cooperation of the employee" in the defense of the action. N.Y.Pub.Off.Law § 18(5).

4. The court notes that the City's local law provides that the City's "duty to defend, indemnify and save harmless" is conditioned upon the employee's full cooperation in his defense, and "[i]f, after the city assumes an employee's defense, the employee fails to or refuses to cooperate in the formation or presentation of his defense, the city may withdraw its representation upon ten (10) days' written notice to the employee." Syracuse, N.Y., Local Law § 12–164. At this juncture, the City has not alleged that defendant Prue's refusal to choose one of the listed attorneys constitutes a failure to cooperate in the formation or presentation of his defense.

interest. The City claims that the potential conflict of interest arises from the fact that plaintiff is suing Prue in his official capacity as well as his individual capacity, which is tantamount to suing the municipality itself.[5] Thus, according to the City, the Deperno firm's *de facto* representation of the city in **this** action will pose a conflict with its representation of Prue **against** the City in the termination arbitration. The City further argues that it appears to be improper for the Deperno firm to accept reimbursement from the City for defending Prue in this action, while at the same time prosecuting claims against the City in other actions.

While this situation does appear to be unusual, the court finds the City's arguments to be without legal support. The court has not found any specific section of the Code of Professional Responsibility that prohibits this arrangement. Of course, the court's ruling is based on the premise that the Deperno firm will be representing *only* defendant Prue. The Deperno firm will **not** be representing the City's interests in this action, but will only be representing the **individual** interests of defendant Prue and defending Prue against potential personal liability. Nor will there be any "appearance of impropriety," as the City will not be required to reimburse the Deperno firm for attorneys' fees and legal expenses related to this action because, as stated in this decision, Prue does not have an absolute right to counsel of his choice.

Although the court has not heard personally from defendant Prue regarding his reasons for rejecting the three attorneys on the City's list, the court assumes that there are no further arguments to be made, and the conference contemplated in the court's order of August 21, 1996, will not be scheduled. If the court's assumption is incorrect, and there are **specific** reasons for rejecting the attorneys offered by the City, either defendant Prue or attorney Khanzadian **must notify the court, in writing, within seven business days of the date of this order** to state any objections to the three attorneys made available through the City.

Finally, the court has allowed the Deperno firm to appear on behalf of defendant Prue in the present dispute. If the Deperno firm is to continue representing defendant Prue in this action, it must file a notice of appearance, in accordance with N.D.N.Y. Local Rule 83.2, within thirty days from receipt of this decision.

**WHEREFORE,** based on the above findings, it is hereby

**ORDERED,** that the request by the City of Syracuse to disqualify the law firm of Deperno, Khanzadian, McGrath & Lalonde as counsel for defendant Prue is **DENIED,** and it is further

**ORDERED,** that the Clerk serve copies of this Order upon defendant Edgar Prue, in addition to all counsel listed under "Appearances", and it is further

**ORDERED,** that, within 30 days of the date of this order, one of the following options is to be completed: (1) a notice of appearance will be filed by the Deperno firm on behalf of defendant Prue, despite the court's ruling that the City of Syracuse need not pay the Deperno firm attorneys' fees or legal expenses; or (2) defendant Prue will select one of the three attorneys suggested by the City of Syracuse, and that attorney will file a notice of appearance; or (3) defendant Prue will file a notice of appearance declaring that he will proceed *pro se.*

If any party desires to appeal this order to a district judge, they should request a stay of the aforementioned deadlines.

Dated: September 13, 1996
      Syracuse, New York.

---

**5.** The City relies on *Yeksigian v. Nappi,* 900 F.2d 101 (7th Cir.1990). However, unlike defendant Prue, the defendants in *Yeksigian* were not sued in their individual capacities. The Seventh Circuit held that, "[i]n the absence of any express statement that the parties are being sued in their individual capacities, an allegation that the defendants were acting under color of law generally is construed as a suit against the defendants in their official capacities only." 900 F.2d at 104.