■ In the Matter of JOHN FOODY, Respondent, v COUNTY OF ROCKLAND et al., Appellants. [678 NYS2d 337] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the County of Rockland to allow the petitioner to substitute the law firm of Lysaght, Lysaght & Kramer, P. C., as his counsel in an action entitled *Bryant v Foody,* Index No. 8238/96, pending in the Supreme Court, Rockland County, and directing the County of Rockland to pay that firm's reasonable legal fees and disbursements, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), entered August 11, 1997, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

According to chapter 45 of the Laws of Rockland County, which governs the defense and indemnification of municipal employees who have been jointly sued with the County, it is the function of the County Attorney to decide whether a conflict

of interest exists such that an employee is entitled to independent representation to be paid for out of County funds. Thereafter, the County Executive is authorized to choose the employee's "private counsel" (Laws of Rockland County § 45-2 [B] [2]; *see, e.g., Corning v Village of Laurel Hollow,* 48 NY2d 348; *see also, Mothersell v City of Syracuse,* 952 F Supp 112; 1993 Opns Atty Gen No. 93-23, at 1036; 1992 Opns Atty Gen No. 92-12, at 1031; 1987 Opns Atty Gen No. 87-28, at 82). In this case, it cannot be said that the County Attorney acted improperly in denying the petitioner's request to be allowed to name his own attorney to be paid at the County's expense. O'Brien, J. P., Sullivan, Joy and Friedmann, JJ., concur.