OPINION OF THE COURT
Wachtler, J.
The question presented on these appeals is whether residential apartments owned and operated by a religious institution and rented to the general public are exempt from the rent stabilization laws. The New York City Conciliation and Appeals Board has determined that the apartments are exempt. In separate article 78 proceedings brought by tenants of the subject apartments, the Supreme Court vacated the determinations but the Appellate Division reversed and confirmed the determinations. The tenants now appeal to this court.
Respondent, St. John’s in the Village, is a religious institution responsible for the operation of the St. John’s Episcopal Church in New York City. It also owns and *344 operates as landlord approximately 60 residential apartments in Greenwich Village. These apartments were originally subject to the Rent Stabilization Law of 1969 but were decontrolled pursuant to the vacancy decontrol law (L 1971, ch 371).
Petitioners Eleanor Nesbitt and Barbara Eaton assumed occupancy of their apartments in August, 1972 and August, 1974 respectively. Thereafter, each entered into subsequent renewal leases at rents permitted under the rent stabilization guidelines authorized by the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4). The act provided, with certain exceptions, that apartments previously vacancy decontrolled were to be restored to rent stabilization. In 1979, respondent informed its tenants that the apartments were not subject to rent stabilization. It was respondents’ position that as a religious institution operated exclusively for charitable purposes on a nonprofit basis, its rental units were exempted from rent stabilization as authorized by section 5 (subd a, par [6]) of the Emergency Tenant Protection Act. This section specifically exempts from rent stabilization: “housing accommodations owned or operated by a hospital, convent, monastery, asylum, public institution or college or school dormitory or any institution operated exclusively for charitable or educational purposes on a non-profit basis”.
When respondent insisted that its tenants enter into new leases at rents higher than those permitted by rent stabilization, petitioners filed separate complaints with the New York City Conciliation and Appeals Board (CAB). CAB dismissed petitioners’ complaints holding that the dwelling units were exempt from rent regulation and control in that respondent operated the subject premises exclusively for charitable purposes on a nonprofit basis in accordance with section 5 (subd a, par [6]) of the act.
The petitioners then commenced separate article 78 proceedings seeking an annulment of CAB’s determinations and an award of attorneys’ fees pursuant to section 234 of the Real Property Law. Special Term reversed on the ground that the section in question specifies “monastery” or “convent” and not religious institutions generally.
*345 The Appellate Division modified on the law by reversing the judgments insofar as they annulled CAB’s determination. The court found that binding precedents recognize a degree of interchangeability between the terms “religious” and “charitable” and that the statute as interpreted suffered from no constitutional infirmity. The court also held that petitioners’ claims for attorneys’ fees were properly denied. We now reverse the Appellate Division.
The petitioner tenants argue on this appeal that section 5 (subd a, par [6]) does not specifically exempt religious institutions from rent stabilization and that such an exemption would violate the establishment clause of the Constitution. They further contend that respondent’s failure to offer renewal leases at rent-stabilized terms constitutes a failure to perform a covenant or agreement under the lease entitling them to recover attorneys’ fees in accordance with section 234 of the Real Property Law.
It is a fundamental principle of statutory interpretation that a court should attempt to effectuate the intent of the Legislature (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76; Matter of Petterson v Daystrom Corp., 17 NY2d 32, 38; see Matter of Carr v New York State Bd. of Elections, 40 NY2d 556) and where the statutory language is clear and unambiguous, the court should construe the statute to give effect to the plain meaning of the words used (Bender v Jamaica Hosp., 40 NY2d 560; Matter of De Peyster, 210 NY 216). In this case the language of the statute exempts from rent stabilization housing accommodations owned or operated by any institution operated exclusively for charitable or educational purposes on a nonprofit basis. There is no language in the statute which would permit an interpretation providing a similar exemption for institutions operated for religious purposes nor is there statutory language which would suggest this legislative intent. Where as here, the statute describes the particular situations to which it is to apply “an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” (McKinney’s Statutes, § 240; see Patrolmen’s Benevolent Assn. of City of N. Y. v City of New York, 41 NY2d 205, 209). Nor does the statutory reference to monastery or convent serve to define religious institutions *346 generally. Indeed the opposite conclusion could be inferred by virtue of the specific language of the statute which singles out convent or monastery from the application of its provision.
Had the Legislature intended to extend the exemption to religious institutions, it could have chosen to do so through appropriately worded legislation (Bright Homes v Wright, 8 NY2d 157). In view of the Legislature’s failure to include religious institutions generally within the exemption provisions of the statute an “irrefutable inference” arises that housing accommodations owned or operated by religious institutions are outside the scope of this statute.
Although respondent may have functions and attributes which may be characterized as charitable there is no demonstration that they are anything but incidental to its religious purposes. The record before us fails to disclose that the subject apartments are owned or operated by an institution operated exclusively for charitable purposes or that the income derived from the rental property is devoted exclusively to charitable purposes.
Moreover, we find no constitutional infirmity in the statute. A statute is presumptively constitutional and should be construed in such a manner as to uphold its constitutionality (McKinney’s Statutes, § 150). We believe that the interpretation adopted by Special Term is consistent with this objective.
Finally, the issue involving petitioners’ claim for attorneys’ fees should be remitted to Special Term for further consideration as to whether the landlord’s refusal to offer renewal leases in rent-stabilized terms constituted a failure to perform a covenant or agreement as is requisite to the application of section 234 of the Real Property Law.
Accordingly, in each case, the order of the Appellate Division should be reversed and the matter remitted to Special Term for consideration of the issue as to whether petitioner is entitled to attorneys’ fees and for reinstatement of the provisions of the judgment of Special Term vacating the determination of the board and remanding to the board for consideration of petitioners’ claim for refund of prior rent increases.
*347 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
In each case: Order reversed, with costs, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.