Owen B. Walsh, Esq. Second Chief Deputy County Attorney, Nassau County
The New York State Commission for the Blind and Visually Handicapped (Commission) has requested Nassau County's participation in a program designed to enable blind individuals to support themselves by owning and operating vending facilities in the proposed Nassau County District Court building. You ask whether the county is prevented from joining in such a plan either by the constitutional prohibition against gifts or by competitive bidding requirements, and, if not, under what conditions the county may participate.
The Commission contemplates a program under which blind individuals, selected and trained by the Commission, would provide a variety of vending services to users of the new district court building. The services to be offered would include eating facilities, comprising a snack bar, vending machine cafeteria and a full-service cafeteria, serving hot and cold meals, as well as vending stands for the sale of newspapers, magazines, tobacco and miscellaneous items. All fixtures and other equipment necessary to operate these vending facilities would be supplied, installed, and maintained by the Commission. The Commission has also indicated that it would obtain necessary liability insurance. In return, the county has been asked to contribute both sufficient space for these facilities in the district court building and free utilities.
The State Commission for the Blind and Visually Handicapped administers a program for the establishment of vending stands operated by blind and visually handicapped persons. Federal law has authorized the use of Federal buildings for vending stands run by blind or visually handicapped persons and the Commission has assisted these persons in the establishment of these vending facilities (20 U.S.C. § 107, et seq.;29 U.S.C. § 701, et seq.; Unconsolidated Laws, §§ 8701, et seq.). State law has authorized the rent-free use of State buildings for these vending stands and the Commission has assisted eligible persons in the establishment of these facilities (Unconsolidated Laws, §§ 8701, etseq.; State Finance Law, § 161-a[3]; 29 U.S.C. § 701, et seq.). The Commission also has assisted blind and visually handicapped persons in the establishment of vending facilities in municipal and private buildings. It is necessary, however, that the Commission acquire permission for the use of space in these buildings. It is proposed that Nassau County provide the space and utilities without payment.
We believe that the governing body of a county may authorize the provision of this assistance under its authority to provide for the health, safety and welfare of the community (Municipal Home Rule Law, § 10[1][ii][a][12]). Further, in providing this assistance, the county would be cooperating with the Commission in the implementation of a State program to assist the blind and visually handicapped.
In our opinion, the provision of free space and utilities by the county for the establishment of these vending facilities fulfills a public purpose, and, therefore, is not an unconstitutional gift of public funds to a private entity (Hotel Dorset v Cultural Resources, 46 N.Y.2d 358,371 [1978]; Murphy v Erie County, 28 N.Y.2d 80, 87, 88 [1971]; 1981 Op Atty Gen [Inf] 97, 98). As we have indicated, comparable programs have been authorized in Federal buildings by act of Congress and in State buildings by the State Legislature. Further, the mayors of cities are empowered to issue rent-free licenses to blind persons for the vending of goods and newspapers (General City Law, § 10). Also, the Legislature has authorized the provision of educational and support services for the blind (Local Finance Law, § 101.00[b][11]). These established programs and statutory authorizations to assist the blind and visually handicapped serve as an indication that they fulfill a public purpose. The statutes authorizing this assistance are presumed to be constitutional (Eaton v New York City Conciliation and Appeals Board,56 N.Y.2d 340, 346 [1982]). It appears that your vending plan will assist the blind in becoming self-sufficient and, therefore, would serve a public purpose.
Additionally, we have been informed by staff of the Commission that blind and visually handicapped vendors are assisted, trained and supervised in the establishment and operation of vending facilities. Therefore, these vendors are providing a significant service to the public, which will be available in the county building. This service can be viewed as providing a benefit to the county in return for the provision of space and utilities.
You also ask whether the arrangements contemplated by the county would be subject to competitive bidding requirements (General Municipal Law, § 103; County Government Law of Nassau County, §§ 702, 2206). You have indicated that the grant of space and utilities would be through a lease. The competitive bidding laws require that public works and purchase contracts be awarded through competitive bidding (ibid.). There is no requirement under State law or in your charter that a lease be awarded through competitive bidding.
We conclude that Nassau County, in order to assist the blind to become self-supporting, may permit blind individuals to operate vending stands and food service facilities on county property and may furnish them with space and utilities without charge for this purpose. These leases may be awarded without the need for competitive bidding.