■ In the Matter of HELEN DUNCAN, on Behalf of Herself and Others Similarly Situated, Respondent, v CESAR A. PE-RALES, as Commissioner of the New York State Department of Social Services, Appellant, and RONALD B. HACKETT, as Commissioner of the Cattaraugus County Department of Social Services, Respondent.—Judgment unanimously affirmed with costs. Memorandum: This appeal raises a question of first impression concerning the construction of the phrase "over the age of sixty-four years" as used in Social Services Law § 366 (1) (a) (5) (i). Specifically, we are asked to decide whether the phrase refers to a person who has attained the age of 64 years, as petitioner contends, or whether it refers to a person who has attained the age of 65 years, as respondent argues.

The facts are undisputed and may be simply stated. Petitioner was 64 years and 20 days old when she first applied for medical assistance under Social Services Law § 366 (1) (a) (5) (i). She was denied benefits because her income was determined to be too high and based upon respondent's interpretation that the statutory language "over the age of sixty-four years" meant only those persons who had attained the age of 65 years.

Special Term concluded that the phrase refers to a person who has attained the age of 64 years. We agree. The interpretation of Social Services Law § 366 (1) (a) (5) (i) does not require any special knowledge or competence on the part of the administrative agency and, thus, we need not defer to respondent's interpretation *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459).

It is a fundamental and well-established principle of statutory interpretation that a court should attempt to effectuate the intent of the Legislature (McKinney's Cons Laws of NY, Book 1, Statutes § 76; *Matter of Carr v New York State Bd. of Elections,* 40 NY2d 556) and where the statutory language is clear and unambiguous the court should construe it to give

effect to the plain meaning of the words used *(Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 345). Had the Legislature intended to include only those persons who had attained the age of 65 years, it could have done so through appropriately worded legislation *(Bright Homes v Wright,* 8 NY2d 157). To interpret the phrase "over the age of sixty-four years" to mean "sixty-five and older" as contended by appellant would be contrary to the plain and unambiguous language of the statute *(cf.,* Education Law § 3202 [1] "over five and under twenty-one", to attend public school; Education Law § 3218 [2] "over eighteen years of age" to obtain a certificate of age; Domestic Relations Law § 15 [2] "over eighteen years of age" and "at least sixteen years of age but under eighteen years of age" for purposes of obtaining a marriage license with or without parental consent). Accordingly, Special Term correctly interpreted "over the age of sixty-four years" as contained in Social Services Law § 366 (1) (a) (5) (i) to refer to a person who has attained the age of 64 years. (Appeal from judgment of Supreme Court, Erie County, McGowan, J.—art 78.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.