■ LEROY L. WYMAN, II, Respondent, v PETER ZELTINS, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered April 28, 1987 in Schenectady County, which denied defendant's motion to dismiss the complaint for failure to timely file a notice of claim.

In June 1984, plaintiff, a Sergeant of the Town of Niskayuna Police Department in Schenectady County, commenced this defamation action against defendant, the town's Superintendent of Highways. The action was based upon statements allegedly made by defendant following planitiff's participation in the preparation of a police report of an accident which defendant was involved in while driving a town truck. Plaintiff alleged, *inter alia,* that defendant sent a memorandum to a member of the Town Board which stated that plaintiff had made false statements in the report.

Defendant asserted as an affirmative defense that the action was barred by plaintiff's failure to serve a notice of claim upon the town as required by General Municipal Law § 50-e (1) (a). Defendant subsequently moved to dismiss the complaint upon this ground. Supreme Court denied the motion, finding that plaintiff was not required to serve a notice of claim upon the town because it did not have a statutory duty to indemnify defendant for the alleged wrongdoing. This appeal followed.

When an action is commenced against an officer or employee of a public corporation, but not against the public corporation, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to *indemnify* such person" (General Municipal Law § 50-e [1] [b] [emphasis supplied]; *see, Butterfield v Board of Trustees,* 131 AD2d 963, 964). Here, the defamation action was commenced against defendant individually, not in his capacity as Superintendent of Highways, and the town was not named as a defendant. Accordingly, service of a notice of claim upon the town was required only if the town was obligated to indemnify defendant.

Defendant contends that Public Officers Law § 18 requires the town to indemnify him. Public Officers Law § 18 was

enacted in response to a perceived "confusing patchwork" of defense and indemnification provisions which applied to various public officers and employees throughout the State *(see,* Exec Dept mem, 1981 McKinney's Session Laws of NY, at 2579). Its purpose was to provide uniform defense and indemnification protection *(see, ibid.).* It provides, in relevant part, that: "The public entity shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in a state or federal court, or in the amount of any settlement of a claim, provided that the act or omission from which such judgment or claim arose occurred while the employee was acting within the scope of his public employment or duties" (Public Officers Law § 18 [4] [a]). The statute, however, is optional and only applies if adopted by a local governing body *(see,* Public Officers Law § 18 [2]; Exec Dept mem, 1981 McKinney's Session Laws of NY, at 2579; 1986 Atty Gen [Inf Opns] 55-56).

Defendant argues that the provisions of Public Officers Law § 18 were adopted in Local Laws, 1981, No. 1 of the Town of Niskayuna (hereinafter Local Law No. 1). However, Local Law No. 1 was adopted on March 19, 1981, three months *before* Public Officers Law § 18 was enacted by the Legislature *(see,* L 1981, ch 277). Since Public Officers Law § 18 was not in existence at the time Local Law No. 1 was enacted, the town clearly did not intend to adopt the provisions of the State statute into Local Law No. 1.

The issue still remains as to whether Local Law No. 1 was intended, independent of the State statute which it preceded, to provide town employees with indemnification. The pertinent part of Local Law No. 1 provides that: "[T]he town shall provide for the *defense* of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting or in good faith purporting to act within the scope of his public employment or duties" (Local Laws, 1981, No. 1 of Town of Niskayuna § 2 [a] [emphasis supplied]).

By its express language, Local Law No. 1 provides only for the defense of its employees. No mention is made of a duty to indemnify. Further evidence, if any were needed, that Local Law No. 1 was intended to create a duty to defend is contained in its preamble where a recent Court of Appeals decision was referred to as authority for the town's action. The case to which the preamble apparently refers is *Corning v Village of Laurel Hollow* (48 NY2d 348), which discussed only

the issue of a municipality defending an action on behalf of its officers or employees. Since the town had only a duty to defend and not a duty to indemnify defendant, Supreme Court properly determined that a notice of claim was not necessary.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.