■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BRUCE HEATH, Respondent. [610 NYS2d 18] —Order, Supreme Court, Bronx County (Robert L. Cohen, J.), entered August 20, 1993, which granted defendant's motion to dismiss the fourth

count of the indictment charging him with unlawful wearing of a body vest, unanimously reversed, on the law, the fourth count reinstated and the matter remanded for further proceedings not inconsistent herewith.

Defendant was carrying a firearm not in his home or place of business, with ammunition on his person that might have been used to discharge it. He was also wearing a body vest. Thus two elements of the crime of the unlawful wearing of a body vest were clearly present. The remaining requirements are that the accused commit "any violent felony offense defined in section 70.02" of the Penal Law while possessing the firearm and that he wear the body vest "in the course of and in furtherance of such crime" (Penal Law § 270.20 [1]). His possession of the firearm in these circumstances constituted criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]; § 265.00 [15]), a violent felony offense defined in section 70.02 of the Penal Law (see, Penal Law § 70.02 [1] [c]). Since the commission of "any" violent felony offense defined in section 70.02 satisfies the statutory definition of the element of the crime of the unlawful wearing of a body vest, it is not the function of the court to demand more than the legislation does. Pursuant to the literal meaning of the statute, a person who enters a bank wearing a body vest and illegally carrying a loaded firearm is already unlawfully wearing a body vest. To deter him from doing so is a legitimate statutory purpose, just as the purpose of deterring the actual robbing of the bank would be. Greed and anger and other emotions can take over when money or other valuables are involved, and the deterrence of the actual violence may be more effective before things get out of hand. If the statute does not apply until another violent felony is in progress, the robbery of the bank or a shoot-out over property, its deterrent effect may be lost.

How the legislators wished to effect deterrence was their decision. Their intent should first be sought from the language of the statutes. When, as here, the language is explicit, courts are not at liberty to suppose or to hold that the Legislature had an intention other than that of the words used (McKinney's Cons Laws of NY, Book 1, Statutes § 76; see, Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345).

The further element of the crime of the unlawful wearing of a body vest, that the accused wear the body vest "in the course of and in furtherance of" the predicate crime, here the criminal possession of a weapon in the third degree, is also

present. The whole purpose of the wearing of the vest is to make it more feasible to go armed, to enhance the advantage of doing so, and so to further the commission of the crime of criminal possession of a weapon. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.