[613 NYS2d 746]

In the Matter of KEVIN COKER et al., Respondents, v CITY OF SCHENECTADY et al., Appellants, et al., Respondent.

Third Department, June 23, 1994

### APPEARANCES OF COUNSEL

*Michael R. Cuevas, Corporation Counsel* of City of Schenectady *(L. John Van Norden* of counsel), for appellants.

*Grasso & Grasso,* Schenectady *(Robert T. De Cataldo* of counsel), for respondents.

### OPINION OF THE COURT

MERCURE, J.

Petitioners are police officers employed by respondent City of Schenectady. In August 1990, respondent John C. Rodick commenced an action against petitioners and the City in the United States District Court for the Northern District of New York, alleging various tort and civil rights claims stemming from his February 1989 arrest by petitioners. Rodick alleged that his home was illegally entered by petitioners, that he was falsely arrested, savagely beaten, dragged naked from his home and denied necessary medical attention, all in violation of 42 USC § 1983, and, further, that he was maliciously

prosecuted in violation of New York common law. Petitioners were represented through the completion of the trial by the City's Corporation Counsel.

Following the trial, the jury awarded Rodick compensatory damages of $360,000 and punitive damages of $80,000 on the Federal claims asserted in the complaint and compensatory damages of $770,000 and punitive damages of $40,000 on the malicious prosecution claim. Petitioners then retained new counsel who made various posttrial motions.* Petitioners thereafter served a demand for indemnification upon respondent City Corporation Counsel who, citing various provisions of Public Officers Law § 18, determined that the City would not indemnify petitioners.

Petitioners commenced this combined CPLR article 78 proceeding and action for declaratory relief to annul the Corporation Counsel's determination and for a judgment compelling the City to indemnify them. Asserting that the jury's finding of actual malice constituted a finding of intentional wrongdoing or recklessness excusing the City from any obligation to indemnify petitioners for compensatory damages, the City and Corporation Counsel thereafter moved for summary judgment. Supreme Court denied the motion and partially granted the petition, finding that General Municipal Law § 50-j imposed a duty to indemnify petitioners and that the City was collaterally estopped from asserting that petitioners acted outside the scope of their employment. The City and Corporation Counsel appeal.

■ Initially, the City argues that its liability for indemnification is governed by Public Officers Law § 18, not by General Municipal Law § 50-j. We agree. Public Officers Law § 18 was enacted in 1981 following the recommendation of the Law Revision Commission, which noted the inconsistencies resulting from the Legislature's "piecemeal approach to enacting defense and indemnification protection for various municipal employees" (1981 Report of NY Law Rev Commn, 1981 McKinney's Session Laws of NY, at 2317; see, L 1981, ch 277). Public Officers Law § 18 provides for a local option and only applies if formally adopted by a local governing body *(see,*

---

* Federal District Court, *inter alia,* ordered Rodick to accept a $100,000 reduction in compensatory damages or a new trial on the indifference to medical needs award. On appeal, the Second Circuit, *inter alia,* vacated the compensatory damage award for malicious prosecution and remanded for a new trial on the issue of damages on that claim *(see, Rodick v City of Schenectady,* 1 F3d 1341, 1351).

Public Officers Law § 18 [2]; *Wyman v Zeltins,* 142 AD2d 913, 914). Any municipality with employees who are not afforded indemnification under any other statute taking effect after January 1, 1979 may adopt the statute *(see,* Public Officers Law § 18 [1] [a] [v]). Once a municipality adopts Public Officers Law § 18, "benefits accorded to employees under [the section] *shall be in lieu of and take the place of* defense or indemnification protections accorded the same employees by another enactment" (Public Officers Law § 18 [12] [emphasis supplied]), unless the municipality expressly provides that the adoption of the act is intended to supplement the benefits of another indemnification provision *(see, ibid.).*

Here, the record demonstrates that the City adopted Public Officers Law § 18 by ordinance in 1982. The ordinance does not provide that benefits under Public Officers Law § 18 merely "supplement" existing indemnification provisions, and the City's employees are not subject to any parallel legislation taking effect after January 1, 1979. Accordingly, by operation of Public Officers Law § 18 (12), the sole indemnification statute applicable on these facts is Public Officers Law § 18 *(see, e.g., Matter of Polak v City of Schenectady,* 181 AD2d 233; *Matter of Galligan v City of Schenectady,* 116 AD2d 798, *lv denied* 67 NY2d 607).

■ Next, the City asserts that it has no duty to indemnify petitioners for compensatory damages because the jury, by awarding punitive damages on each claim, found that petitioners' conduct involved intentional wrongdoing or recklessness. Again, we agree. Public Officers Law § 18 provides that "the duty to indemnify and save harmless prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee" (Public Officers Law § 18 [4] [b]). The jury found petitioners liable for the use of excessive force, false arrest, failure to provide adequate medical attention and, except for petitioner Kevin Coker, malicious prosecution, awarding Rodick punitive damages on *all four* causes of action. By definition, "punitive damages are awarded not for the unintended result of an intentional act, but for the *conscious disregard* of the rights of others or for conduct so *reckless* as to amount to such disregard" *(Hartford Acc. & Indem. Co. v Village of Hempstead,* 48 NY2d 218, 227 [emphasis supplied]). Therefore, the jury necessarily found that petitioners engaged in "intentional wrongdoing or recklessness" (Public Officers Law § 18 [4] [b]), precluding the City from indemnifying petitioners for

compensatory damages, and petitioners are collaterally estopped from challenging that finding *(see, Granite Constr. Co. v Hartford Acc. & Indem. Co.,* 173 AD2d 948, 950, *lv denied* 78 NY2d 857).

■ As a final matter, the failure of the City to assert that petitioners acted outside the scope of their employment, in defense of the underlying action pursuant to 42 USC § 1983, did not work a forfeiture of the City's defenses under Public Officers Law § 18. The City's threshold determination that petitioners were acting within the scope of their duties, based upon a review of the pleadings, is not determinative of the question of indemnification *(see, Matter of Polak v City of Schenectady,* 181 AD2d 233, *supra)*. Because the jury's determination in the underlying action falls within the exclusionary language of Public Officers Law § 18 (4) (b), indemnification is not available to petitioners for compensatory damages.

The parties' remaining contentions are meritless or academic.

CARDONA, P. J., MIKOLL, CASEY and WEISS, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied the motion by respondents City of Schenectady and Corporation Counsel for summary judgment dismissing the petition; motion granted, summary judgment awarded to said respondents, petition dismissed against them, and it is declared that respondent City of Schenectady has no duty to indemnify petitioners for the compensatory damages awarded to respondent John C. Rodick in the underlying Federal action; and, as so modified, affirmed.