John A. HENNESSY, III, as Administrator of the Goods, Chattels, and Credits of William P. Hennessy, Deceased Plaintiff,

v.

Rob ROBINSON, Terry Gilbert, Peter Servallo, Marty Lagasse, Roland Morgan, and Shawn Malone, each Individually, and as a Deputy Sheriff/Correctional Officer of the County of Oneida, New York; Daniel G. Middaugh, Individually and as Sheriff of the County of Oneida, New York; John Doe, a fictitious name

intended to represent the names of several employees of the Sheriff's Department of Oneida County, New York, and/or the County of Oneida New York, whose identities are as yet unknown; and the County of Oneida, New York, Defendants.

No. 96–CV–1498.

United States District Court, N.D. New York.

Nov. 19, 1997.

Lockwood and Golden, Utica, NY, for Plaintiff.

Kenneth P. Ray, P.C., Utica, NY (Charles W. Wason, of counsel), or Defendants Robinson and Servallo.

Capecelatro Del Buono and Compson, P.C., Utica, NY, for Defendant Gilbert.

Petrone and Petrone, Utica, NY, for Defendant LaGasse.

Carl J. Cochi, Utica, NY, for Defendant Morgan.

John A. Longeretta, Utica, NY, for Defendant Malone.

William P. Schmitt, Utica, NY, for Defendant Middaugh.

McLane and Smith, Utica, NY, for County of Oneida.

Norman I. Siegel, County Attorney, County of Oneida, Utica, NY (Gerald J. Popeo, of counsel).

### MEMORANDUM, DECISION and ORDER

HURD, United States Magistrate Judge.

## I.  INTRODUCTION

The attorney for the defendants Rob Robinson ("Robinson") and Peter Servallo ("Servallo") has moved pursuant to New York Public Officers Law, § 18(3)(c) for an order setting reasonable attorney's fees to be paid by the defendant County of Oneida, New York ("County"). The County has opposed the motion. Oral argument was heard on October 11, 1997, in Utica, New York. Decision was reserved.

## II.  FACTS

In 1981, New York State enacted Public Officers Law § 18 (" § 18"), providing in part that its provisions "shall apply to any public entity whose governing body has agreed by the adoption of ... resolution ... to confer the benefits of this section upon its employees." *N.Y Public Officers Law* § 18(2)(a)(I) (McKinney 1988). If § 18 is adopted by a local government and the following events occur: (1) the local government and one or more of its employees are sued; (2) the chief legal officer of the local government declares a conflict of interest between the local government and an employee; (3) the employee elects to be represented by his own attorney; and (4) a dispute arises over the amount of

attorney's fees, then the issue of reasonable attorney's fees is resolved by the court upon motion. § 18(a)(b)(c).

On April 30, 1986, the County Legislature adopted Resolution No 102. It was passed in response to a request by the County Executive for self insurance authority because the County was unable to secure affordable insurance. The Resolution was entitled "Resolution for Self Insurance Program and Indemnification of Members of the Board of County Legislature, the County's Officers and Employees." This Resolution provides for indemnification against liability for county employees; declares the County to be self-insured; authorizes the County Executive in conjunction with the County Attorney and the Commissioner of Finance to set up a self-insurance program; and authorizes the Board of Acquisition and Contract to settle claims up to $10,000.[1]

Pursuant to New York County Law 501(1) and Resolution 102, the County Attorney set up a self insurance program wherein he would defend and indemnify those employees who are sued for actions within the scope of their employment. The defense would be undertaken by the County Attorney's office, or by retaining private attorneys. If the County Attorney declared there was a conflict of interest between the County and an employee/defendant, he would either retain a private attorney for the employee/defendant, or allow the employee/defendant to retain his own private attorney. However, the County Attorney would only agree to pay a retained attorney $65.00 per hour. The portion of the employee/defendant's' own private attorney's fee in excess of $65.00 per hour would be the employee/defendant's personal responsibility.

The complaint in this action was filed on September 13, 1996. It alleges that decedent William P. Hennessy's civil rights were violated, together with state law causes of action for wrongful death, conscious pain and suffering, and prima facie tort. The acts allegedly occurred while he was incarcerated at the Oneida County Correctional Facility. The County Attorney initially retained the private law firm of McLane and Smith to represent all defendants. That firm filed and served an answer on behalf of all of the defendants on November 12, 1996. Thereafter, the County Attorney declared a conflict of interest between the County and the employee/defendants, including defendants Robinson and Servallo. The County Attorney retained private attorneys to represent the other employee/defendants, and substitution of attorneys to replace McLane and Smith were duly filed. However, Robinson and Servallo, on their own, elected to retain the private law firm of Kenneth P. Ray, P.C. ("Ray"). By Orders dated January 24, 1997, and February 7, 1997, Ray was duly substituted for McLane and Smith to represent Robinson and Servallo. Although all of the other attorneys agreed to represent the other employee/defendants at the rate of $65.00

---

1. *RESOLUTION 102*

RE: PROPOSED RESOLUTION FOR SELF–INSURANCE PROGRAM AND INDEMNIFICATION OF MEMBERS OF THE BOARD OF COUNTY LEGISLATORS, THE COUNTY'S OFFICERS AND EMPLOYEES

WHEREAS, The County of Oneida, as with most municipalities in New York State, has been unable to purchase liability insurance and errors and omissions insurance to protect the County, its officers, and employees against liability for claims, and

WHEREAS, It is necessary that the County take action to set up a self-insurance program to protect its officers and employees, now, therefore, be it hereby

RESOLVED, That the County of Oneida will indemnify the members of its Board of Legislators, its elected and appointed officers, and its employees against liability for claims arising from their acts while exercising or performing or, in good faith, purporting to exercise or perform their powers and duties when in the scope of their employment excluding, however, any claim arising out of a willful act of any said member, officer or employee such as to be outside of his official capacity, and it is further

RESOLVED, That until such time as the County is able to secure such insurance at reasonable premiums, the County will be self-insured and the County Executive be and hereby is authorized and directed to take the necessary steps, in conjunction with the County Attorney and the Commissioner of Finance, to set up a self-insurance program for any claims not covered by insurance, and it is further

RESOLVED, That the Board of Acquisition and Contract be and hereby is authorized to settle claims against the County, members of its Board of County Legislators, and its officers and employees in an amount not to exceed the sum of Ten Thousand Dollars upon each claim not covered by insurance.

per hour set by the County Attorney, Ray refused to accept such a fee. He demanded that he be paid a fee of $125.00 to $225.00 per hour by the County, pursuant to his retainer agreements with Robinson and Servallo. The County Attorney refused. This motion followed.

## III. *DISCUSSION*

### A. *Introduction*

The threshold issue is whether the County is bound by the provisions of § 18.[2] If so, Ray is entitled to a reasonable attorney's fee to be determined by this court. *See N.Y. Public Officers Law* § 18(3)(c) (McKinney 1988). However, if the County is not bound by the provisions of § 18, then Ray and his clients are free to accept or reject the terms of the County Attorney.

Ray contends that principles of New York statutory interpretation, the local Legislative proceedings, and the history of Resolution 102, demonstrate that the County Legislature intended to confer the benefits of § 18 upon its employees. Despite Ray's contentions, before the intent of the County Legislature need be addressed, the requirements and purpose of § 18 must be examined.

### B. *Public Officers Law § 18*

■ Prior to the enactment of § 18, "a confusing patchwork of defense and indemnification provisions existed that applied to various public officers and employees ... sued as a result of acts or omissions within the scope of their public employment." (Memorandum of the Law Revision Commission, McKinney's Sessions Laws of 1981, pp. 2314–15). The intention of § 18 was to avoid a "piecemeal approach to enacting defense and indemnification protection for various municipal employees...." *Coker v. City of Schenectady,* 200 A.D.2d 250, 252, 613 N.Y.S.2d 746(3rd Dept.1994) (quoting McKinney's Sessions Laws of 1981, p. 2317). In recommending passage of § 18, the Law Revision Commission believed "that this bill will encourage municipalities and other public entities to elect coverage under the provisions of the bill for their employees." (McKinney's

1981 Session Laws, p. 2315). The purpose of this bill is to promote uniformity and protection given those public employees and stem the flow of piecemeal legislation that creates inequities among such employees. *Id.*

After the passage of § 18, the office of the New York State Attorney General stated:

> Coverage under section 18 is at the election of the local governing body. ( § 18[2][a] ). Additionally, section 18 expressly states that its provisions may replace or supplement other defense and indemnification enactments (§ 18[12] ). From this, we conclude that a local government may elect defense and indemnification under section 18, *continue or provide for defense and indemnification under a local enactment* or supplement local enactments with the provisions of section 18. Had the Legislature desired to make section 18 the exclusive format for defense and indemnification, it could easily have so provided. Instead, *local governing bodies expressly are given the option of retaining local enactments* and supplementing them through the application of section 18 (§ 18[12] ).

*New York Opinion Attorney General (Inf.) 82,* 1987 WL 273422, at *2 (N.Y.A.G.1987) (emphasis added).

■ It is well established that a local government, without authorizing legislation, owes no duty to defend, or even to aid in the defense of a lawsuit against an officer or an employee of a local government charged with misconduct. *Corning v. Village of Laurel Hollow,* 48 N.Y.2d 348, 353, 422 N.Y.S.2d 932, 398 N.E.2d 537 (1979). But a county shall defend its employees against liability resulting from misconduct in the course of their employment. *N.Y. County Law* § 501(1) (McKinney 1991). If a conflict exists between a county and one of its employees, the employee would have to retain an attorney at his own expense. *N.Y. County Law* § 501(2) (McKinney 1991). However, with the passage of § 18, a municipality such as the County has three options: (1) it can pass no local legislation and defend pursuant

---

**2.** The parties have stipulated that defendants Robinson and Servallo are "peace officers" as

opposed to "police officers," and therefore General Municipal Law § 50(j) is not applicable.

to County Law; (2) it can adopt § 18 either solely or as a supplement; or (3) it can agree to indemnify and defend pursuant to its own local law or resolution. The Attorney General has been consistent throughout the years in a series of informal opinions verifying those options. As late as October 1, 1997, he stated "a local government that has enacted a local law providing for defense and indemnification of its officers and employees may instead elect to apply solely the provision of section 18, *continue to provide for defense and indemnification under the local law,* or supplement the local law with provisions of section 18." *New York Opinion Attorney General (Inf.) 1058,* 1997 WL 631965, at *5 (N.Y.A.G.1997) (emphasis added).

## C. *Resolution 102*

■ As noted above, this Resolution provides for indemnification which, of course, includes the duty to defend because duty to indemnify includes the duty to defend as well. *Hassan v. Fraccola,* 851 F.2d 602, 604 (2d Cir.1988) (citing *Colon v. Aetna Life and Casualty Insurance Co.,* 66 N.Y.2d 6, 8, 494 N.Y.S.2d 688, 484 N.E.2d 1040 (1985)). It also provides a mechanism for self insurance. Finally, it grants authority to the County Board of Acquisition and Contracts to settle claims up to $10,000.

It is important to review what Resolution 102 does not provide: (1) it makes no reference to § 18; (2) it sets forth no provisions to resolve conflict of interest situations; (3) it makes no attempt to adopt any law; and (4) it places no limits on the County Attorney. Details are left to the discretion of the County Executive in conjunction with the County Attorney and the Commissioner of Finance in setting up the self insurance program.

## D. *The County Legislature Did Not Adopt Public Officers Law § 18*

Ray has made a strong argument that the County Legislature in passing Resolution 102, intended to adopt § 18 to provide benefits for their employees, and therefore is bound by its provisions. However, in the final analysis, even if such a conclusion is justified, it does not help Ray because if the County Legislature did, in fact, intend to adopt § 18, it failed.

■ In the first place, the language of § 18 is clear and unambiguous.[3] It is not vague. It's provisions shall apply only if the County Legislature "has agreed by the adoption of ... resolution ... to confer the benefits of this section upon its employees." As one court held, Public Officers Law § 18 is optional and *"only applies if formally adopted by a local governing body."* *Coker,* 200 A.D.2d at 252–53, 613 N.Y.S.2d 746; *Wyman v. Zeltins,* 142 A.D.2d 913, 914, 531 N.Y.S.2d 144 (3rd Dep't 1988)(emphasis added). Second, it is obvious from the words of Resolution 102 that a formal adoption of § 18 was not made.

■ The language of § 18 leads to only one conclusion. This conclusion is that in order to adopt § 18 and confer benefits upon employees, a local enactment must make specific and formal reference to § 18. "Where ... the statute describes the particular situations to which it is to apply an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded." *Eaton v. New York City Conciliation and Appeals Bd.,* 56 N.Y.2d 340, 345, 452 N.Y.S.2d 358, 437 N.E.2d 1115 (1982). Only with specific language can one be positive of the exact purpose and intent of a resolution passed by a local legislative body.[4] This is what state law demands. Absent specific language adopting § 18, the provi-

---

3. "When the language of a statute is clear ... the court should look no further than unambiguous words and need not delve into legislative history." *Lloyd v. Grella,* 83 N.Y.2d 537, 545–46, 611 N.Y.S.2d 799, 634 N.E.2d 171 (1994). Despite this direction, a brief review of the legislative history and subsequent interpretations of § 18 was made to give background and context to the "plain meaning of the words used." *Id.* at 540, 611 N.Y.S.2d 799, 634 N.E.2d 171.

4. If a local governing body was left with only the option of either adopting § 18 or not providing for indemnification, then all local enactments which provide for indemnification would automatically imply an intent to adopt § 18. Such is not the case. Local governments do have the option to indemnify solely under local law or resolution with no reference to § 18. *See* Attorney General's Informal Opinions, *supra.*

sions. of the local enactment are solely controlling. Otherwise, courts would be required to look beyond the four corners of any local enactment in each case. This would, in turn, lead to speculation, guesswork, and inconsistent results, as courts attempted to glean the intent of local legislative bodies throughout the state.

A requirement that local government be specific in formally adopting § 18, promotes the clear intent and purpose of § 18 which was to avoid uncertainty and confusion. It is also consistent with rules of statutory interpretation. *Lloyd,* 83 N.Y.2d at 545–46, 611 N.Y.S.2d 799, 634 N.E.2d 171; *Eaton,* 56 N.Y.2d at 345, 452 N.Y.S.2d 358, 437 N.E.2d 1115(construing clear and unambiguous statutory language to give effect to the plain meaning of the words used); *Duncan v. Perales,* 135 A.D.2d 1127, 1128, 523 N.Y.S.2d 263 (4th Dep't 1987). When the statute says "by ... adoption," it means "by adoption" and not "by implication." [5]

In summary, placing the two legislative enactments, § 18 and Resolution 102, side by side, clearly reveals the plain meaning. The language of § 18 states that it only applies if a local governing body adopts its provisions. The language of Resolution 102 did not adopt § 18.

If the County desired to adopt § 18, it was, and still is, very simple—pass a resolution which states: "The County of Oneida adopts Public Officers Law § 18 in order to confer the benefits of the section upon its employees." By failing to enact a resolution with that or similar language, the County Legislature failed to adopt § 18 even if it intended to do so. Accordingly, the County Legislature, either knowingly or unknowingly, elected to provide for indemnification solely under local enactment (Resolution 102), and not pursuant to § 18.

 Finally, the fact that the County Attorney, in either directly hiring private attorneys for employee/defendants and setting their fee, or requiring private attorneys retained by employee/defendants to receive only a set fee from the County does not present a conflict of interest. *Mothersell v.*

---

**5.** Adopt "To accept, appropriate, choose or select. To make that one's own ... act which was

*City of Syracuse,* 952 F.Supp. 112, 116 (N.D.N.Y.1997).

## IV. CONCLUSION

Ray has no rights under § 18. His right to reimbursement for attorney's fees from the County flow solely as the result of the County's local enactment, to wit, Resolution 102. This, in turn, results in agreements between the County Attorney and those private attorneys who agree to represent employee/defendants. The County Attorney permits such employee/defendants to select their own private attorney if they so desire, but again, that attorney will only be reimbursed by the County at a set rate. A selected attorney, such as Ray, may refuse to represent the employee/defendant, accept the fee set by the County Attorney in full satisfaction of his time and effort, or make a separate agreement with the employee/defendant to supplement any monies paid by the County.

Because the County has not conferred the benefits of § 18 upon its employees, the provisions are not applicable to this case. There is no basis for Ray's motion. Therefore, it is

ORDERED that the motion is DENIED.

IT IS SO ORDERED.

---

not so originally." *Black's Law Dictionary,* 49 (6th ed.1990).