█ Julie Grasso, Respondent, v Schenectady County Public Library et al., Appellants. [817 NYS2d 186]—

Spain, J. Appeals (1) from an order of the Supreme Court (Hoye, J.), entered April 13, 2005 in Schenectady County, which denied defendants' motion to dismiss the complaint, and (2) from an order of said court, entered July 28, 2005 in Schenectady County, which denied defendant's motion for reconsideration.

Plaintiff, an employee of defendant Schenectady County Public Library (hereinafter the library), commenced this action against the library and two of its employees in November 2004 alleging that from November 2002 to July 2003 she was subjected to sexual harassment and abuse by a coworker and a supervisor. In addition, plaintiff alleged claims under the Executive Law and for prima facie tort and intentional infliction of emotional distress. She alleged that the harassment continued until July 23, 2003 when she suffered a panic attack at work and left, and did not thereafter return to work. In 2004, after a year of medical leave, her employment was terminated.

Defendants moved to dismiss the complaint on the ground that the library operates under the County of Schenectady and, thus, plaintiff failed to join the County, a necessary party, or to serve a notice of claim on the County or the library as required by County Law § 52. Further, defendants asserted that plaintiff failed to file a notice of claim or bring the action within one year and 90 days of the alleged incident pursuant to General Municipal Law § 50-i. Notably, no notice of claim was ever filed and plaintiff never moved to file a late notice of claim. Plaintiff countered that defendants had prompt notice of the allegations and an opportunity to investigate based upon, among other things, her complaint with the United States Equal Employment Opportunity Commission (hereinafter EEOC), which was dismissed in June 2004.

Supreme Court denied defendants' motion to dismiss, finding that insufficient proof had been submitted to establish the library's status as an operating unit of county government. Defendants moved to reargue and renew, submitting affidavits of the Deputy County Attorney, the Clerk of the Schenectady

County Legislature, the County Commissioner of Finance and the County Personnel Technician. Collectively, they set forth that the library is a unit of county government, its board is appointed by county officials, the library's operating funds are appropriated by the County Legislature and its employees are county employees. Defendants also submitted article XIX of the Charter of Schenectady County, which established the county library system, and article XVI of the Schenectady County Administrative Code, which provides for the County Department of Libraries. Supreme Court issued a written decision denying defendants' motion, citing defendants' failure to submit the library's charter. Defendants now appeal from both orders.[1]

Initially, defendants' reliance upon the notice of claim requirements contained in General Municipal Law § 50-i is misplaced, "as this statutory provision is confined to claims for personal injury, wrongful death or damage to property and does not apply to discrimination claims" (*Parry v Tompkins County*, 260 AD2d 987, 988 [1999]; *see Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d 164, 170 [2001]). However, the library is correct that it was entitled to dismissal based upon plaintiff's noncompliance with the notice of claim condition precedent of General Municipal Law § 50-e as imposed by County Law § 52.

County Law § 52 broadly provides that "[a]ny claim . . . against a county for . . . invasion of personal or property rights, of every name and nature . . . alleged to have been caused . . . by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with [General Municipal Law § 50-e]" (County Law § 52 [1]). Thus, pursuant to the County Law, the General Municipal Law notice of claim requirements apply to plaintiff's tort and discrimination claims (*see Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights*, 226 AD2d 794, 795 [1996], *lv denied* 88 NY2d 816 [1996]; *Mills v County of Monroe*, 89 AD2d 776 [1982], *affd* 59 NY2d 307 [1983], *cert*

---

**1.** While the denial of a reargument motion is not appealable as of right (*see Matter of Town of Poestenkill v New York State Dept. of Envtl. Conservation*, 229 AD2d 650, 651 [1996]), we are of the view that Supreme Court's decision and order, which addressed the merits of defendants' motion, granted reargument and adhered to its original order, is appealable as of right to this Court (*see* CPLR 5701 [a] [2] [viii]; *see also Corey v Gorick Constr. Co.*, 271 AD2d 911, 912 [2000]). The determination of defendants' motion for leave to renew pursuant to CPLR 2221 (e) is appealable as of right (CPLR 5701 [a] [2] [viii]) and plaintiff has not raised any issue regarding defendants' justification for that motion (*see Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d 622, 625 [2004], *appeal dismissed and lv denied* 4 NY3d 738 [2004]).

*denied* 464 US 1018 [1983]; *see also Picciano v Nassau County Civ. Serv. Commn., supra* at 170-171). The exception for actions brought to vindicate public, as opposed to private, interests is unavailable to plaintiff here, as she alleges discriminatory conduct relating solely to herself and seeks compensation only for harm sustained by her (*see Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights, supra* at 795; *Mills v County of Monroe, supra* at 311-312). Further, in view of the uncontested proof submitted by defendants, we are persuaded that the Second Department's analysis in *Bovich v East Meadow Pub. Lib.* (16 AD3d 11, 16-18 [2005]) is correct and applicable, and hold that the County Law § 52 notice of claim requirement applies and is a condition precedent to plaintiff's claims against this county-operated public library. We do not find that the absence of the library's charter precludes this determination.

We now turn to plaintiff's contention that the filing of her claim with EEOC, allegedly in October 2003, constituted substantial compliance with the notice of claim requirements (*see Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.*, 214 AD2d 288, 292 [1995], *appeal dismissed and lv denied* 88 NY2d 866 [1996]; *see also Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]). Even if we were to find that the EEOC complaint contained sufficient detail to provide the required notice and that it was filed within 90 days after plaintiff's claim arose (*see Widger v Central School Dist. No. 1*, 18 NY2d 646, 647-648 [1966]; *Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd., supra* at 292; *see also Mendell v Salamanca Hous. Auth.*, 12 AD3d 1023, 1024 [2004]), there is no evidence (or even an allegation) that the library or the County *actually received* the EEOC complaint at any time, or within the 90-day period (*see Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights, supra* at 796).[2] Thus, in the absence of the required notice of claim or evidence establishing substantial compliance with the notice of claim requirement, plaintiff may not maintain this action against the library.

However, defendants have not demonstrated—and do not argue on appeal—that plaintiff's failure to file a notice of claim requires dismissal of the action against the *individual* defendants. "Service of a notice of claim upon an . . . employee of a county *is not a condition precedent* to the commencement of an action against such person *unless* the county is required to

---

**2.** There is also an absence of proof in the record regarding plaintiff's workers' compensation claim.

indemnify such person" (*Bardi v Warren County Sheriff's Dept.*, 194 AD2d 21, 23-24 [1993] [emphases added]). The County's duty to indemnify these employees turns on whether they were acting within the scope of their employment (*see* Public Officer's Law § 18 [1] [a], [b]; [4] [a]), and if that local option was formally adopted by a local governing body (*see Matter of Coker v City of Schenectady*, 200 AD2d 250, 252-253 [1994], *appeal dismissed* 84 NY2d 1027 [1995]; *see also* Public Officers Law § 18 [2]), matters defendants did not argue or establish in their motion to dismiss (*see Zimmer v Town of Brookhaven*, 247 AD2d 109, 113 [1998]; *cf. Matter of Coker v City of Schenectady, supra* at 253). Indeed, the conduct of the coworkers as alleged in the complaint amounts to intentional torts and, thus, falls outside the scope of their employment (Public Officers Law § 18 [4] [b]; *see Zimmer v Town of Brookhaven, supra* at 113, 113 n; *Matter of Polak v City of Schenectady*, 181 AD2d 233, 235-237 [1992]; *see also Matter of Coker v City of Schenectady, supra* at 253-254). Thus, on this record, dismissal of plaintiff's claim against the individual defendants is not warranted based upon plaintiff's failure to file a notice of claim.

Defendants do argue that plaintiff's entire action must also be dismissed (i.e., against the individual defendants) based upon plaintiff's failure to join a necessary party, namely, the County of Schenectady (*see* CPLR 1001 [a]; 3211 [a] [10]). However, as the County's duty to indemnify its named employees for any recovery in this action has not been established, defendants have not shown that the County would be "inequitably affected" by a judgment in this matter (CPLR 1001 [a]; *see Matter of Hutton Devs. v 346-364 Washington Ave. Corp.*, 17 AD3d 977, 978 [2005]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss the complaint against defendant Schenectady County Public Library; motion granted to that extent and complaint dismissed against said defendant; and, as so modified, affirmed.