Dunn v County of Niagara (2018 NY Slip Op 03271)





Dunn v County of Niagara


2018 NY Slip Op 03271


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


497 CA 17-00801

[*1]DANNY P. DUNN, SR. AND ANITA L. DUNN, PLAINTIFFS,
v
COUNTY OF NIAGARA, DEFENDANT-APPELLANT, RUSSELL JACKMAN, FOURTH DISTRICT NIAGARA COUNTY CORONER, AND RUSSELL JACKMAN, INDIVIDUALLY, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 






WEBSTER SZANYI LLP, BUFFALO (KEVIN COPE OF COUNSEL), FOR DEFENDANT-APPELLANT.
LEWIS & LEWIS, P.C., BUFFALO (MICHAEL T. COUTU OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Mark Montour, J.), entered January 10, 2017. The order, insofar as appealed from, granted in part the motion of defendant Russell Jackman for summary judgment by determining that defendant County of Niagara is obligated to provide him with a defense. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied in its entirety.
Memorandum: On April 13, 2012, Russell Jackman (defendant), then a coroner employed by defendant County of Niagara (County), responded to the fatal accident of plaintiffs' son (decedent) and absconded with decedent's brain matter, without plaintiffs' consent. Defendant gave the brain matter to defendant Vincent Salerno, the Fire Chief of defendant Cambria Volunteer Fire Company, Inc., for use in training cadaver dogs. Defendant thereafter pleaded guilty to obstructing governmental administration in the second degree, and resigned. Plaintiffs commenced this action sounding in negligent infliction of emotional distress against, inter alia, defendant, in his capacity as County coroner and individually, as well as the County. In his answer, defendant asserted a cross claim against the County for indemnification and/or contribution from the County, and the County likewise interposed a cross claim against defendant for contribution and/or indemnification. Defendant thereafter moved for summary judgment dismissing the County's cross claim against him and seeking a determination that, inter alia, the County is obligated to defend and indemnify him pursuant to Public Officers Law § 18. Supreme Court granted the motion in part, determining that the County must provide defendant with a defense by an attorney of his choosing and must reimburse defendant for his legal costs incurred to the date of the order. We agree with the County that the court should have denied defendant's motion in its entirety.
Initially, we note that the County contends for the first time on appeal that defendant's motion should have been addressed pursuant to the standard provided under CPLR article 78 and we therefore do not address that contention (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
We agree with the County, however, that defendant's summary judgment motion should have been denied in its entirety. A county's duty to defend an employee "turns on whether [the employee was] acting within the scope of [his or her] employment," and whether the obligation to defend the employee "was formally adopted by a local governing body" (Grasso v Schenectady County Pub. Lib., 30 AD3d 814, 818 [3d Dept 2006]; see Public Officers Law § 18 [*2][1] [a], [b]; [2] [a]; [3] [a]; Matter of Coker v City of Schenectady, 200 AD2d 250, 252-253 [3d Dept 1994], appeal dismissed 84 NY2d 1027 [1995]). In order to establish its prima facie entitlement to judgment as a matter of law under Public Officers Law § 18, it was incumbent on defendant to establish the applicability of that section (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Here, the court erred in granting summary judgment to defendant while still finding that there are issues of fact that bear on the applicability of Public Officers Law § 18 to defendant's claims (see generally CPLR 3212 [b]; Zuckerman v New York, 49 NY2d 557, 562 [1980]). We note that defendant's contention that the County had adopted Public Officers Law § 18 was raised for the first time in his reply papers and was not properly before the court (see generally Mikulski v Battaglia, 112 AD3d 1355, 1356 [4th Dept 2013]).
Moreover, we agree with the County that the court should have applied County Law § 501 in determining whether the County was obligated to defend defendant (see generally Hennessy v Robinson, 985 F Supp 283, 286-287 [ND NY 1997]). Pursuant to that statute, because the complaint created an inherent conflict between defendant and the County over whether defendant's actions occurred in the scope of his employment, the County was absolved of its responsibility to defend defendant and defendant's retention of outside counsel was "at his own expense unless the provisions of [Public Officers Law § 18] are applicable" (§ 501 [2]), which as discussed herein cannot be determined in the context of defendant's motion for summary judgment. 
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court