Kruchinina v Filatov (2026 NY Slip Op 50287(U))

[*1]

Kruchinina v Filatov

2026 NY Slip Op 50287(U)

Decided on March 9, 2026

Civil Court Of The City Of New York, Kings County

Berman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2026
Civil Court of the City of New York, Kings County

George Kruchinina, Plaintiff,

againstStanislav Filatov, Defendant.

Docket No. SC-003732-24/KI

Tehilah H. Berman, J.

The issue is whether a tenant was entitled to recover his security deposit and punitive damages under General Obligations Law ("GOL") sections 7-108(1-a)(e) and (g), respectively, where the landlord did not strictly comply with section 7-108(1-a)(e) to the extent that his texts to the tenant described general damages to the apartment without particularizing their exact nature or the cost to repair them. The tenant admitted in his trial testimony that he did not vacate the apartment until a few days after the lease ended and left without fixing numerous perforations in the wall which he knowingly caused with his exercise equipment.
A trial on this small claims matter was held on March 5, 2026. This court made the following factual and legal findings. Plaintiff George Kruchichina ("plaintiff") sued to recover $8,850, am amount which included two times his security deposit of $2,950, with interest from 10/1/2024, and punitive damages. Defendant Stanislav Filatov ("defendant") counterclaimed for $7,250, which included unpaid rent for the month of October 2024, and damages to the property. Plaintiff's lease terminated on 10/1/24, but admitted in his testimony that he did not remove certain items from the apartment until a few days later, and that he did not pay rent for October. Defendant showed pictures of the apartment having various items in it, including a desk, a chair and a box, after the lease already expired. The pictures also revealed that a wall in the apartment was punctured in numerous locations. Plaintiff did not deny that this damage was caused by him and testified that his exercise equipment caused the damage. Plaintiff signed a form when applying for the lease stating that he would not possess any pets, including dogs, but admitted in his testimony that he kept a dog in the apartment. Defendant testified that his maintenance fees increased due to the violation of building rules by his tenant, and presented a statement reflecting this increase. This court found the testimony of plaintiff and defendant to be credible. 
A security deposit remains the property of the tenant and, upon the tenant's vacating the premises, must be returned to the tenant unless there is proof that the tenant caused damage beyond that attributable to ordinary wear and tear. Fallon v ERM Realty Servs., 2023 NY Slip Op 51243(U), 2023 NY Misc. LEXIS 20286, *2 (App. Term 2d Dept. 2023). GOL +§ 7-108 (1-a) (b) requires that the entire amount of a non-regulated residential tenant's security deposit 'shall' be returned to tenant, except for amounts lawfully retained for damage caused by the tenant beyond normal wear and tear. 14 E. 4th St. Unit 509 LLC v. Toporek, 203 AD3d 17, 24-25 (1st Dept. 2022). See also, Camacho v Paduch, 60 Misc 3d 837, 842 (Middletown City Ct. 2018) [*2]("If the tenant causes more than normal or ordinary wear and tear damage to the property... 'extraordinary damage,'then the landlord may retain the security deposit to the extent the cost to repair the damage is proved by competent evidence"). GOL § 7-108(1-a)(b) further provides that "the entire amount of the deposit...shall be refundable to the tenant upon the tenant's vacating of the premises except for an amount lawfully retained for the reasonable and itemized costs due to non-payment of rent." This court finds that the pictures defendant showed at trial, which revealed numerous punctures in the wall, constituted competent evidence that plaintiff caused extraordinary damage.
Plaintiff argues that since defendant did not comply with GOL § 7-108(1-a)(e), one of the statutory provisions enacted by the Housing Stability and Tenant Protection Act of 2019 ("HSTPA"), he is entitled to the return of his security deposit, plus interest and punitive damages. HSTPA is considered to a "landmark legislation making sweeping changes to the rent laws and adding greater protections for tenants throughout the State." Matter of Karpen v. Andrade, 242 AD3d 1, 4 (2d Dept. 2025); Cohen v. Abruzzo, 228 AD3d 724, 724 (2d Dept. 2024). Section 7-108(1-a)(e) provides: "Within fourteen days after the tenant has vacated the premises, the landlord shall provide the tenant with an itemized statement indicating the basis for the amount of the deposit retained, if any, and shall return any remaining portion of the deposit to the tenant. If a landlord fails to provide the tenant with the statement and deposit within fourteen days, the landlord shall forfeit any right to retain any portion of the deposit." GOL § 7-108(1-a)(e). The "Legislature's intent in adopting New York GOL § 7-108 (1-a) (e), was to provide tenants with specific knowledge if the landlord believed the rented property was damaged and whether the cost of those damages would be deducted from the security deposit." Masseroli v. Gatfield, 84 Misc 3d 487, 491 (Sup. Ct. Westchester Co. 2024). The "legislature also intended that the landlord must give the tenant an opportunity to fix or repair the alleged damages. Diaz v Cunningham, 68 Misc 3d 319, 328 (Middletown City Ct. 2020) It is fundamental that the court's primary consideration in interpreting a statute "is to ascertain and give effect to the intention of the Legislature." Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84, 91 (2019). See also, Eaton v. New York City Conciliation & Appeals Bd., 56 NY2d 340, 345 (1982) ("It is a fundamental principle of statutory interpretation that a court should attempt to effectuate the intent of the Legislature."
GOL 7-108 (1-a)(g) provides that a person "found to have willfully violated this subdivision shall be liable for punitive damages of up to twice the amount of the deposit or advance." An "award of punitive damages is warranted where the conduct of the party being held liable evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere carelessness, or where the conduct constitutes willful or wanton negligence or recklessness." Brown v. Maple3, LLC, 88 AD3d 224, 235 (2d Dept. 2011), citing Pellegrini v Richmond County Ambulance Serv., Inc., 48 AD3d 436, 437 (2d Dept. 2008). This court finds that there is no credible evidence that defendant evinced any degree of moral culpability, or willful or wanton negligence. Accordingly, punitive damages are denied. 
The texts which defendant sent to plaintiff on or around October 15, 2024 concerning damages may not strictly meet the requirements of GOL § 7-108(1-a)(e) to the extent they were non-specific as to the damages and associated costs of repair. However, specific knowledge of [*3]the damages and the opportunity and need to repair them, and unpaid rent can be imputed to plaintiff as contemplated by the statute to the extent that he admitted that 1) he vacated the premises after the lease ended on 10/1/24 without paying extra rent for October; 2) caused damage to the wall with his exercise equipment without fixing the damage, and 3) kept a dog at the apartment despite building rules prohibiting it. "Formal judicial admissions take the place of evidence and are concessions, for the purposes of the litigation, of the truth of a fact alleged by an adversary." Wheeler v. Citizens Telcoms. Co. of NY, Inc., 18 AD3d 1002, 1005 (3d Dept. 2005). See also, Kimso Apts., LLC v Gandhi, 24 NY3d 403, 412 (2014) ("Facts admitted in a party's pleadings constitute formal judicial admissions, and are conclusive of the facts admitted in the action in which they are made")
The Civil Court Act ("CCA") § 1804 provides that the court must conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules and principles of substantive law. O'Hara v. Bates, 2025 NY Slip Op 51146(U), 2025 NY Misc. LEXIS 6289, *1-2 (App. Term 2d Dept. 2025). In accordance with this duty, plaintiff's claim for the security deposit, plus interest and punitive damages is dismissed and defendant's counterclaim for rent and property damage is also dismissed since he did not substantiate his counterclaim by means of competent evidence, such as two itemized estimates or an itemized bill marked paid. CCA § 1804; Curto v. Bichara, 3 Misc 3d 130(A), 130A (App. Term 2d Dept. 2004); Diaz v Cunningham, 68 Misc 3d 319, 326 (Middletown City Ct. 2020). This constitutes the decision and order of the court.
Dated: March 9, 2026
Kings County, New York
Hon. Tehilah H. Berman
Judge of the Civil Court