■ JULIO BECERRA, Appellant, v PROMENADE APARTMENTS INC. et al., Respondents. [6 NYS3d 42]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered March 5, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim predicated upon a violation of Industrial Code (12 NYCRR) § 23-1.5 (c) (3), reversed, on the law, without costs, and the motion denied.

Plaintiff testified that on the day of the accident, a foreman provided him with an angle grinder that did not have a safety guard, and instructed him to perform certain work despite the absence of such a guard. He contends that because other grinders at the site had guards, the instruction that he use the tile grinder without its guard, and the failure to remove the unguarded grinder from the work site, constituted violations of the "specific and concrete requirements" of 12 NYCRR 23-1.5 (c) (3).

The motion court erred in finding that section 23-1.5 (c) (3) was too general to support plaintiff's Labor Law § 241 (6) claim. Industrial Code (12 NYCRR) § 23-1.5 (c) (3) provides, "All safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged." In *Misicki v Caradonna* (12 NY3d 511, 520-521 [2009]), the Court of Appeals held that the third sentence of 12 NYCRR 23-9.2 (a), which says, "Upon discovery, any structural defect or unsafe condition in such equipment shall be corrected by necessary repairs or replacement," imposed an affirmative duty, rather than merely reciting common-law principles, and that therefore its violation was sufficiently specific to support a Labor Law § 241 (6) claim. The regulation plaintiff relies on here, 12 NYCRR 23-1.5 (c), has a structure similar to 12 NYCRR 23-9.2 (a): the first two sentences of section 23-9.2 (a) and the first two paragraphs of section 23-1.5 (c) employ general phrases (e.g., "good repair," "proper operating condition," "sufficient inspections," "adequate frequency") while the third sentence and paragraph "mandate[ ] a distinct standard of conduct, rather than a general reiteration of common-law principles, and [are] precisely the type of 'concrete specification' that *Ross* [*v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494 [1993])] requires" (*Misicki*, 12 NY3d at 521). Since the final paragraph of section 23-1.5 (c) is functionally indistinguishable from the third sentence of section 23-9.2 (a), in that both mandate a distinct standard of conduct, we find that the Court of Appeals' reasoning in *Misicki* applies here, and reject the

dissent's suggestion that the preamble of section 23-1.5 precludes any reliance on the section for purposes of Labor Law § 241 (6).

Our dissenting colleague would affirm the motion court's dismissal, not only because he views the relied-on regulation, 12 NYCRR 23-1.5 (c) (3), as too general, but also because it does not explicitly require guards for angle grinders. He takes the position that the only type of portable power-driven tools for which the Industrial Code requires guards are hand operated saws. We disagree. Section 23-1.5 (c) is explicitly concerned with the "[c]ondition of equipment *and safeguards*" (emphasis added), and prohibits the use of "equipment which is not in good repair and in safe working condition" (§ 23-1.5 [c] [1]). Therefore, the directive in paragraph (3) that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged" provides a basis for liability under Labor Law § 241 (6) as long as such angle grinders were ordinarily or originally provided with safety guards.

We therefore conclude that defendants were not entitled to summary judgment dismissing the Labor Law § 241 (6) claim predicated upon a violation of Industrial Code (12 NYCRR) § 23-1.5 (c) (3). Concur—Acosta, J.P., Andrias, Saxe and Richter, JJ.

DeGrasse, J., dissents in a memorandum as follows: Plaintiff, a demolition worker, was injured when his hand came into contact with an angle grinder that he was using to cut through cement. Plaintiff invokes Industrial Code (12 NYCRR) § 23-1.5 (c) (3) as the predicate for his cause of action under Labor Law § 241 (6), the only claim before us. Where relied upon by plaintiff, section 23-1.5 (c) (3) provides that "[a]ll safety devices, safeguards and equipment shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged." Plaintiff's only theory of liability, which the majority implicitly adopts, is that "[t]he section was violated as the angle grinder was not provided with the proper guarding as required in § 23-1.5."

As a matter of statutory and regulatory construction, I disagree with the result reached by the majority. It is settled that in order to establish liability under Labor Law § 241 (6), a plaintiff is required to establish a breach of a provision of the Industrial Code which gives a specific, positive command (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]). Regulatory enactments, such as the Industrial Code, are

subject to the same canons of construction as statutes (*see Matter of ATM One v Landaverde*, 2 NY3d 472, 477 [2004]). Under one such canon of construction, "where . . . the statute describes the particular situations in which it is to apply, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded'" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208-209 [1976], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see also Eaton v New York City Conciliation & Appeals Bd.*, 56 NY2d 340, 345 [1982]).

Section 23-1.12 (c) (1) is the only Industrial Code provision that addresses the guarding of portable, hand-operated power-driven tools and it applies to only saws. That section provides that "[e]very portable, power-driven, hand-operated saw which is not provided with a saw table, except chain saws and circular brush saws, shall be equipped with a fixed guard above the base plate which will completely protect the operator from contact with the saw blade when the saw is operating and with a movable self-adjusting guard below the base plate which will completely cover the saw blade to the depth of the teeth when such saw blade is removed from the cut." By contrast, the Industrial Code sets forth no requirement regarding the guarding of grinders. Moreover, section 23-1.5 (c) (3), upon which plaintiff bases his claim, is completely silent with respect to guarding. Had the Industrial Code contemplated a requirement that grinders be guarded there would be a specific provision to that effect. That is precisely what the Code does under section 23-1.12 (c) (1) with respect to portable, power-driven, hand-operated saws. Under the foregoing canon of statutory construction, which the majority disregards, the Industrial Code clearly does not require that grinders be guarded. Again, "what is omitted or not included was intended to be omitted or excluded" (*Patrolmen's Benevolent Assn.*, 41 NY2d at 208-209 [internal quotation marks omitted]). This conclusion is inescapable because the canon applies regardless of whether section 23-1.5 (c) (3) is treated as a general or specific provision. Therefore, *Misicki v Caradonna* (12 NY3d 511 [2009]), which the majority cites, is not dispositive. In any event, the clear specificity of section 23-1.12 (c) (1) belies plaintiff's argument that "there is simply no way for the Commissioner to have drafted 12 NYCRR 23-1.5 (c) (3) in a manner more specific than it already is" with respect to the purported requirement that grinders be guarded. Also, although not part of the rule itself, its preamble makes it clear that section 23-1.5, including subdivision (c) (3), was promulgated as a general safety standard rather than a specific standard of conduct: "*These general*

*provisions* shall not be construed or applied in contravention of any specific provisions of this Part (rule)" (12 NYCRR 23-1.5 [emphasis added]). I would affirm.