Opalinski v City of New York (2018 NY Slip Op 06102)





Opalinski v City of New York


2018 NY Slip Op 06102


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2015-10766
 (Index No. 11177/09)

[*1]Witold Opalinski, appellant, 
v
City of New York, et al., respondents.


Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Mathew Ross, Judy C. Selmeci, and I. Elie Herman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), entered August 21, 2015. The order denied the plaintiff's motion, inter alia, for leave to renew his opposition to that branch of the defendants' motion which was for summary judgment dismissing his cause of action alleging a violation of Labor Law § 241(6), which had been granted in an order of the same court dated December 6, 2011.
ORDERED that the order is affirmed, with costs.
On July 23, 2008, the plaintiff was working on a renovation project at a New York City public school when a hand-held angle grinder he was holding spun out of control and the blade allegedly cut into his left hand. On a prior appeal, this Court affirmed so much of an order of the Supreme Court, Queens County, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) (see Opalinski v City of New York, 110 AD3d 694, 696). On April 24, 2014, a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint in its entirety.
On or about June 17, 2015, following entry of the judgment, the plaintiff moved pursuant to CPLR 2221(e)(2) for leave to renew his opposition to that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), based upon a purported change in the law and, upon renewal, to amend his bill of particulars to assert a claim that he had not previously asserted, namely, a violation of 12 NYCRR 23-1.5(c)(3). The Supreme Court denied the plaintiff's motion.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Dinallo v DAL Elec., 60 AD3d 620, 621; see CPLR 2221[e][2]; Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist., 278 AD2d 364).
The plaintiff's motion for leave to renew was based upon a purported change in the [*2]law regarding 12 NYCRR 23-1.5(c)(3), which provides: "All safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged." Specifically, the plaintiff relied upon a decision of the Appellate Division, First Department, wherein that court, in effect, held that 12 NYCRR 23-1.5(c)(3) was sufficiently specific to support a cause of action alleging a violation of Labor Law § 241(6) (see Becerra v Promenade Apts. Inc., 126 AD3d 557).
At the time the plaintiff moved for leave to renew, this Court's precedent was contrary to Becerra. Indeed, in Spence v Island Estates at Mt. Sinai II, LLC (79 AD3d 936), which was decided in 2010, this Court concluded that 12 NYCRR 23-1.5 was not sufficiently specific to support a cause of action under Labor Law § 241(6), but merely established a general safety standard (see Spence v Island Estates at Mt. Sinai II, LLC, 79 AD3d at 937). The Supreme Court was bound to follow this Court's holding in Spence (see People v Turner, 5 NY3d 476, 482; Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665). Thus, there was no change in the applicable law in this Department that warranted renewal.
We note that to the extent the plaintiff's counsel raised certain contentions for the first time at the oral argument of this appeal, those contentions are not properly before us and have not been considered.
The plaintiff's remaining contention relating to that branch of his motion which was for leave to amend his bill of particulars has been rendered academic in light of our determination.
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court