Contreras v 3335 Decatur Ave. Corp. (2019 NY Slip Op 04663)





Contreras v 3335 Decatur Ave. Corp.


2019 NY Slip Op 04663


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9600 310552/11

[*1]Jonny Contreras, Plaintiff-Appellant,
v
3335 Decatur Avenue Corp., Defendant-Respondent. 
[And a Third Party Action]


Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Dillon Horowitz & Goldstein LLP, New York (Thomas Dillon of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about March 8, 2017, which, inter alia, granted defendant's motion for summary judgment dismissing plaintiff's Labor Law § 241(6) cause of action, unanimously reversed, on the law, without costs, and the motion denied.
Industrial Code (12 NYCRR) § 23-1.5(c)(3), which provides that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged," applies to the instant action and is sufficiently specific to support a section 241(6) claim (see e.g. Jackson v Hunter Roberts Constr. Group, LLC, 161 AD3d 666, 667 [1st Dept 2018]). Here, plaintiff testified that he was given a hand-held grinder from which the safety guard had been removed by his employer to install an over-sized disc blade. Plaintiff was then instructed to use this grinder to cut concrete, over his objections, and was injured when the grinder got stuck, kicked back, knocked him to the ground, and cut into his foot. This testimony raises a triable issue of fact as to whether defendant breached its nondelegable duty "to provide reasonable and adequate protection and safety" to plaintiff (Labor Law § 241[6]; see Becerra v Promenade Apts. Inc., 126 AD3d 557, 558-559 [1st Dept 2015]; see also Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086 [2d Dept 2015]).
We decline plaintiff's request to search the record and grant him partial summary judgment, since issues of fact exist as to whether the safety guard could have prevented his injuries.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK