Desprez v United Prime Broadway, LLC (2024 NY Slip Op 01607)

Desprez v United Prime Broadway, LLC

2024 NY Slip Op 01607

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 156088/20 Appeal No. 1898 Case No. 2023-00006 

[*1]Richard Desprez, Plaintiff-Appellant,
v
United Prime Broadway, LLC, et al., Defendants-Respondents.

Sanders Aronova Grossman Woycik Viener & Kalant, PLLC, Garden City (Mark R. Bernstein of counsel), for appellant.
Pillinger Miller Tarallo LLP, Elmsford (Talene D. White of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about December 6, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action and denied plaintiff's motion for summary judgment on liability, unanimously modified, on the law, to deny defendants' motion to dismiss the Labor Law § 241(6) claim insofar as it was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.5(c)(3), and otherwise affirmed, without costs.
Plaintiff was injured when he was standing on a ladder using a grinder to cut a metal plate at chest height. As plaintiff worked, the grinder began shaking and kicked back, striking his face. Although the ladder moved after the grinder malfunctioned, it did not fall or collapse, nor did plaintiff fall from the ladder because he held on to a wooden beam and his coworkers then held the ladder and helped him down.
Defendants established their entitlement to summary judgment on plaintiff's Labor Law § 240(1) cause of action by submitting evidence that plaintiff's injury was caused by the grinder and that he did not fall from the ladder. Because plaintiff's injury did not arise from any elevation-related risk presented by the ladder, Labor Law § 240(1) does not apply (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]; Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916 [1999]).
However, Supreme Court should have denied defendants' motion to dismiss plaintiff's Labor Law § 241(6) claim insofar as it was predicated on a violation of Industrial Code (12 NYCRR) § 23-1.5(c)(3). Despite defendants' assertion otherwise, the section is a sufficiently specific safety standard to support a Labor Law § 241(6) claim, and the deposition testimony established that plaintiff's grinder had no guard, thus violating the mandate of the regulation (see Becerra v Promenade Apts. Inc., 126 AD3d 557, 559 [1st Dept 2015]; see also Contreras v 3335 Decatur Ave. Corp., 173 AD3d 496, 497 [1st Dept 2019]). Plaintiff also proffered evidence that defendants had notice of a defect in the grinder, as he testified that he complained to his supervisor that the grinder shook and lacked a guard and the owner and general contractor bear the ultimate responsibility for safety practices at building construction sites even where they do not control or supervise the worksite (see Rizzuto v L.A. Wenger Contr. Co., Inc., 91 NY2d 343, 348-349 [1998]; cf. Cabral v Rockefeller Univ., 222 AD3d 474, 475 [1st Dept 2023]).
Plaintiff's motion for summary judgment was untimely. In any event, Supreme Court properly denied the motion for summary judgment on liability under § 240(1), as issues of fact exist regarding that issue.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: March 21, 2024