Rodriguez v FGI Corp. (2025 NY Slip Op 05326)

Rodriguez v FGI Corp.

2025 NY Slip Op 05326

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 157850/21|Appeal No. 4822|Case No. 2025-00127|

[*1]Antonio Rodriguez, Plaintiff-Appellant,
v
FGI Corporation et al., Defendants-Respondents.

Heitz Legal, P.C., New York (Dana E. Heitz of counsel), for appellant.
Goldberg Segalla LLP, White Plains (William T. O'Connell of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered November 25, 2024, which denied plaintiff's motion for partial summary judgment on the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) §§ 23-1.5(c)(3), 23-1.12(c)(1), and 23-9.2(a), without prejudice and with leave to re-file upon the completion of relevant discovery, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff was injured while using a hand-held demolition saw, which did not have a self-adjusting guard over the blade, to cut and remove joint filler material on a concrete deck over the FDR Drive. While working, plaintiff noticed that the saw blade continued to run even after he released the saw's power trigger. At some point during the job, plaintiff paused and stood up to relieve his back pain and as he did the saw, which had continued to run, moved to the side, caught his pant leg, and cut his knee.
Supreme Court should have granted plaintiff's motion for summary judgment on his Labor Law § 241(6) claim. Although no defense witnesses were deposed, plaintiff's motion was not premature. Defendants failed to show they lacked a reasonable opportunity to pursue the needed discovery, which, in any event, was either in their possession or available to them, and not in plaintiff's exclusive control (see Singh v New York City Hous. Auth., 177 AD3d 475, 476 [1st Dept 2019]). Plaintiff gave his General Municipal Law § 50—h testimony in January 2021, commenced this action in August 2021, was deposed in September 2023, and moved for partial summary judgment in May 2024. Thus, defendants' prematurity argument is "undermined by their own failure to use the time and the opportunity they had to obtain whatever third-party testimony they needed in order to oppose plaintiff's motion" (Sotelo v TRM Contr., LP, 212 AD3d 488, 488 [1st Dept 2023]). Moreover, "[d]efendants failed to demonstrate that facts essential to justify opposition to plaintiff's motion were within the exclusive knowledge of plaintiff" (id.).
Turning to the merits, plaintiff's 50—h testimony, deposition testimony, and affidavit, along with an authenticated photograph of the demolition saw, and an expert affidavit established prima facie that the saw lacked a self-adjusting guard in violation of Industrial Code §§ 23-1.12(c)(1), 23-9.2(a) (see Alameda-Cabrera v Noble Elec. Contr. Co., Inc., 117 AD3d 484, 485-486 [1st Dept 2014]; see also Misicki v Caradonna, 12 NY3d 511, 521 [2009]), and 23-1.5(c)(3) (see Becerra v Promenade Apts. Inc., 126 AD3d 557, 558-559 [1st Dept 2015]). Plaintiff's testimony and affidavit established that despite his foreman and supervisor's repeated attempts to repair the saw months before the accident, the blade continued to rotate after the saw was turned off. Plaintiff's testimony also established that a city inspector who was frequently present on the worksite observed the foreman and supervisor repeatedly repair the saw and observed the foreman switch the saw's blade attachment moments before the accident happened. Plaintiff's expert noted that the blade attached to the saw at the time of the accident was the wrong type of blade according to the saw's safety manual and that the saw in the photograph was missing a self-adjusting guard. Furthermore, the expert opined that the lack of a self-adjusting guard violated Industrial Code § 23-1.5(c)(3).
In opposition, defendants failed to raise a material issue of fact. Defendants' arguments that Industrial Code § 23-1.12(c)(1) does not apply to the alleged defect because the photograph shows that the saw did not have a "base plate," and that plaintiff failed to show actual notice of the defect as required by Industrial Code § 23-1.5(c)(3), are improperly raised for the first time on appeal, and we decline to review them (see Rivera v 454 W. 57th St. Holding LLC, 236 AD3d 477, 478 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025