Mendieta v Jaccar SH II, LLC (2025 NY Slip Op 52160(U))

[*1]

Mendieta v Jaccar SH II, LLC

2025 NY Slip Op 52160(U)

Decided on December 8, 2025

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 8, 2025
Supreme Court, Bronx County

Paul Mendieta, Plaintiff,

againstJaccar SH II, LLC, Terrain Limited Construction, Terrain Ltd., Defendants.
Terrain Ltd., Third-Party Plaintiff,
againstCambridge Global Corp., Third-Party Defendant.

Index No. 33372/2018E

Ashlee Crawford, J.

In this action to recover damages for personal injury arising out of an alleged construction accident, defendant/third-party plaintiff Terrain Ltd., sued hereunder as Terrain Limited Construction and Terrain Ltd. (Terrain), moves pursuant to CPLR 3212 to dismiss plaintiff's complaint, any and all cross-claims and counterclaims alleged against it, and for summary judgment on its third-party complaint against third-party defendant Cambridge Global Corp. (Cambridge). In opposition to the motion, plaintiff withdrew his Labor Law §§ 200, 240 [*2](1), 240 (2), and 240 (3) claims against Terrain, leaving only his Labor Law § 241 (6) claim (NYSCEF Doc. 104, ¶ 4). Plaintiff also cross-moves for partial summary judgment as to liability on that claim.
 BACKGROUNDThis action arises out of an accident that took place on October 2, 2018, at the property located at 2 Pheasant Close South, Southampton, New York. Defendant Jaccar SH II, LLC (Jaccar) owns the premises, and hired Terrain as general contractor to build a new house on the premises. Terrain, in turn, subcontracted certain work to plaintiff's employer, Cambridge.
Plaintiff testified that on the day of the accident, he was assigned by his supervisor from Cambridge to cut a roll of mesh to fit an area for a future cement pour (Pl. EBT Tr. at 75-76 [NYSCEF Doc. 92]). Cambridge supplied him with an angle grinder which lacked a safety guard; plaintiff testified that none of Cambridge's angle grinders had safety guards (id. at 77-78). He cut the mesh for approximately an hour, during which time the grinder kept getting stuck on the mesh (id. at 81). While using the grinder with his right hand and holding the mesh with his left hand, he states that the disc of the grinder cracked and a piece of it cut him in the right leg, causing him to fall to the ground (id. at 84-85, 93, 148).
Plaintiff commenced this action against Jaccar and Terrain, alleging violations of Labor Law §§ 200, 240 (1), 240 (2), 240 (3), and 241 (6). Terrain then impleaded Cambridge. Terrain now moves to dismiss the complaint and Jaccar's cross-claims against it, and for summary judgment on its third-party claim for contractual indemnification against Cambridge. Plaintiff opposes the motion, and cross-moves for partial summary judgment on his Labor Law § 241 (6) claim. Neither Jaccar nor Cambridge responded to the motion or cross-motion.

DISCUSSION
A party seeking summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Once this showing is made, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of triable issues of fact (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat summary judgment (id.). Summary judgment is a drastic remedy and must be denied if there is any doubt as to the existence of a triable issue of material fact (Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978]).

I. Labor Law § 241 (6)
Labor Law 241(6) imposes a non-delegable duty of reasonable care upon owners and contractors "to provide reasonable and adequate protection and safety" to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348 [1998]). To establish a claim under Labor Law 241(6), plaintiff must show that defendant violated an Industrial Code regulation that sets forth a specific, positive command, and is not simply a recitation of common-law safety principles (Toussaint v Port Authority of New York and New Jersey, 38 NY3d 89, 93-94 [2022]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 503 [1993]). Plaintiff must also establish that such violation was the proximate cause of the accident (Gonzalez v Stern's Dept. Stores, 211 AD2d 414, 415 [1st Dept 1995]).
Plaintiff only contests the dismissal of, and seeks summary judgment on, Industrial Code [*3]12 NYCRR § 23-1.5 (c) (3). All other predicates not raised in plaintiff's legal arguments are deemed abandoned and are dismissed (Burgos v Premier Props. Inc., 145 AD3d 506, 508 [1st Dept 2016]; 87 Chambers, LLC v 77 Reade, LLC, 122 AD3d 540, 542 [1st Dept 2014]).
Industrial Code 12 NYCRR § 23-1.5 (c) (3) provides that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged." This provision is specific enough to support liability under Labor Law 241 (6) and applies to hand grinders that are not equipped with a blade guard or similar safety device (Becerra v Promenade Apartments Inc., 126 AD3d 557, 558-59 [1st Dept 2015]). Here, plaintiff testified that he was given a grinder that did not have a blade guard (Pl. EBT Tr. at 77-78), and as a result he was injured. Plaintiff has therefore established prima facie entitlement to summary judgment as to liability on this claim.
Terrain, in support of its motion, argues that it lacked actual or constructive notice that the angle grinder lacked a safety guard, and, relying on Becerra, that section 23-1.5 (c) (3) requires notice of the alleged defective equipment. The text of section 23-1.5 (c) (3), however, does not discuss notice, and Becerra does not read such a requirement into the text. The other cases Terrain cites are also unavailing on this point (e.g. Desprez v United Prime Broadway, LLC, 225 AD3d 518, 518-519 [1st Dept 2024]; Viruet v Purvis Holdings LLC, 198 AD3d 587, 588, 588-89 [1st Dept 2021]; Contreras v 3335 Decatur Ave. Corp., 173 AD3d 496, 497 [1st Dept 2019]).
Terrain also argues that plaintiff fails to establish that the angle grinder was "ordinarily or originally provided with" a safety guard (Becerra, 126 AD3d at 559). Plaintiff submits the expert affidavit of Dr. Dennis R. Andrews, who states that to comply with certain OSHA regulations, all angle grinders are sold with safety guards and side handles (Andrews Aff. ¶¶ 4-6 [NYSCEF Doc. 105]). Dr. Andrews also reviewed photographs of the grinder plaintiff used and identified the brand, and stated that Makita, the manufacturer, sells all its grinders with safety guards and side handles (id., ¶¶ 8-11). Accordingly, plaintiff sufficiently establishes that the angle grinder he used was "ordinarily or originally" equipped with a safety guard.
Terrain argues that Dr. Andrews' curriculum vitae is insufficiently specific in certain respects, but it cites no authority requiring the Court to disregard the affidavit on that basis. Terrain also argues that Makita may sell other models of grinder not depicted on the website printout referenced by Dr. Andrews that do not include a safety guard, and that Dr. Andrews does not identify the model number of the grinder plaintiff used, but Terrain submits no evidence to rebut Dr. Andrews' affidavit. In opposing summary judgment, one must lay bare their proof and demonstrate the existence of a triable issue of fact (Conolog Corp. v P.R. Electronics Export, Inc., 140 AD2d 190, 191 [1st Dept 1988]). A party may not oppose summary judgment simply by pointing to holes in the moving—or, in this case, cross-moving—party's proof (see Bryan v 250 Church Assoc., LLC, 60 AD3d 578 [1st Dept 2009]).
Accordingly, that part of Terrain's motion to dismiss plaintiff's Labor Law § 241 (6) claim to the extent predicated on a violation of Industrial Code 12 NYCRR § 23-1.5 (c) (3) is denied. All other alleged Industrial Code violations are denied. Plaintiff's cross-motion for partial summary judgment as to liability on this claim is granted.

II. Cross-Claims
Terrain moves to dismiss Jaccar's cross-claims for common-law indemnification, contribution, and contractual indemnification. Jaccar did not submit any opposition to this part of [*4]Terrain's motion. Moreover, plaintiff withdrew his direct negligence claims against Terrain, precluding any obligation for Terrain to indemnify Jaccar or contribute to any judgment beyond its statutory liability (see, e.g., Pena v Intergate Manhattan LLC, 194 AD3d 576, 578 [1st Dept 2021] [common law indemnification requires proof that "the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident"]). In addition, the record does not contain any indemnification agreement between Terrain and Jaccar. Accordingly, that part of Terrain's motion to dismiss Jaccar's cross-claims is granted.

III. Contractual Indemnification Against Cambridge
Finally, Terrain seeks summary judgment on its third-party claim for contractual indemnification against Cambridge. Cambridge does not oppose this part of Terrain's motion.
"A party is entitled to full contractual indemnification provided that the 'intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances'" (Drzewinski v Atlantic Scaffold & Ladder Co., Inc., 70 NY2d 774, 777 [1987] [citation omitted]). "The right to contractual indemnification depends upon the specific language of the contract" (DiBrino v Rockefeller Ctr. N., Inc., 230 AD3d 127, 136 [1st Dept 2024] [citation omitted]). "Indemnification provisions are strictly construed and a promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Madison Hospitality Mgt. LLC v Acacia Network Hous., Inc., 230 AD3d 1063 [1st Dept 2024] [internal quotation marks and citation omitted]).
The agreement between Terrain and Cambridge provides that Cambridge shall indemnify Terrain from all claims "arising out of or in connection with acts or omissions of [Cambridge]" (Cambridge Contract § 16 [NYSCEF Doc. 100]). The subject indemnification provision does not run afoul of General Obligations Law § 5—322.1 (see Dutton v Pankow Bldrs., 296 AD2d 321, 322 [1st Dept 2002]). It is undisputed that plaintiff's injuries arose out of Cambridge's work at the premises. Accordingly, Terrain is entitled to contractual indemnification from Cambridge, and that branch of Terrain's motion for summary judgment on this claim is granted.
The court has considered the additional contentions of the parties not specifically addressed herein. To the extent that any relief requested by any movant was not addressed by the court, it is hereby denied. Accordingly, it is hereby
ORDERED that the motion by defendant/third-party plaintiff Terrain Ltd., sued hereunder as Terrain Limited Construction and Terrain Ltd., for summary judgment is GRANTED IN PART to the extent that plaintiff's claims for violations of Labor Law §§ 200, 240 (1)-(3), and 241 (6) as premised on Industrial Code violations other than 12 NYCRR § 23-1.5 (c) (3), are DISMISSED; defendant Jaccar SH II's cross-claims for common-law indemnification, contribution, and contractual indemnification are DISMISSED; and summary judgment is GRANTED to Terrain Ltd. on its third-party claim for contractual indemnification against third-party defendant Cambridge Global Corp, and the motion is otherwise DENIED; and it is further
ORDERED that plaintiff's cross-motion for partial summary judgment as to liability on his Labor Law § 241 (6) claim, to the extent it derives from a violation of Industrial Code 12 NYCRR § 23-1.5 (c) (3), is GRANTED; and it is further
ORDERED that Terrain Ltd. is directed to serve a copy of this decision with notice of entry upon plaintiff within 15 days of the date herein; and it is further
ORDERED that all parties shall appear for a pre-trial conference to be calendared by the [*5]Clerk of the Court.
This constitutes the decision and order of the Court.
DATE 12/8/2025ASHLEE CRAWFORD, J.S.C.