Bacchus v 676 E. 179 LLC

2026 NY Slip Op 02442

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Azfal Bacchus, Plaintiff-Respondent,

v

676 East 179 LLC et al., Defendants-Appellants. 676 East 179 LLC et al., Third-Party Plaintiffs-Appellants,

Decided and Entered: April 23, 2026

Index No. 35204/20|Appeal No. 6452|Case No. 2025-03503|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Leon I. Behar, P.C., New York (Kyle Egan Djurovic of counsel), for 676 East 179 LLC, appellant.

Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered on or about May 19, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) §§ 23-1.5(c)(1) and (3) and 23-9.2(a) as against defendant 676 East 179 LLC (East 179), and denied East 179's motion for summary judgment dismissing the same portions of that claim, unanimously modified, on the law, to deny plaintiff's motion insofar as predicated on Industrial Code § 23-1.5(c)(1), grant East 179's motion as to that portion of the claim, and otherwise affirmed, without costs.

Supreme Court properly granted plaintiff partial summary judgment on the Labor Law § 241(6) claim insofar as predicated on Industrial Code §§ 23-1.5(c)(3) and 23-9.2(a). It is undisputed that plaintiff was using a grinder that noticeably lacked a safeguard when it suddenly kicked back and injured him. Plaintiff submitted evidence supporting the inference that his employer had notice of the grinder's visibly missing safeguard (see Viruet v Purvis Holdings LLC, 198 AD3d 587, 588 [1st Dept 2021]), thereby satisfying the notice element of both Industrial Code provisions (see Nicholson v Sabey Data Ctr. Props., LLC, 205 AD3d 620, 621 [1st Dept 2022]; see also Cabral v Rockefeller Univ., 222 AD3d 474, 475 [1st Dept 2023]; Becerra v Promenade Apts. Inc., 126 AD3d 557, 558-559 [1st Dept 2015]). The record demonstrates that plaintiff's supervisor and owner of third-party defendant, Rudy Peters, was present and supervising plaintiff's work which required the use of the unguarded grinder to cut parts of the commercial boiler. Plaintiff testified that the unguarded grinder was the only tool available capable of performing this task.

East 179, as the undisputed owner of the premises, was not entitled to dismissal by showing that it lacked notice of the missing safeguard. Rather, plaintiff's evidence established that his employer, a party within the construction chain, was negligent in permitting plaintiff to use the unguarded grinder in violation of the relevant Industrial Code provisions, thus establishing liability under Labor Law § 241(6) (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 351 [1998]).

The court should have dismissed the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.5(c)(1). This provision is not sufficiently specific to serve as a predicate for Labor Law § 241(6) liability (see Gasques v State of New York, 15 NY3d 869, 870 [2010]). Although East 179 raises this argument for the first time on appeal, we may consider it because it presents a purely legal question that is determinative without raising new facts (see Bank of N.Y. Mellon v Arthur, 125 AD3d 492, 492 [1st Dept 2015]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026